### 17128. BELL v. THE STATE.

1. The rulings on admissibility of evidence were not erroneous for any reason assigned.
2. The discretion of the judge in refusing to declare a mistrial was not abused.
3. There was no error in refusing the requests to charge.
4. The evidence supported the verdict.

> DECIDED JUNE 15, 1926.

---

Appeal and Error, 4 C. J. p. 827, n. 8.
Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 764, n. 1; p. 765, n. 15.
Trial, 38 Cyc. p. 1711, n. 19.

Possessing and selling intoxicating liquor; from city court of Macon—Judge Hall.   January 9, 1926.

*T. A. Jacobs Jr., W. A. McClellan,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

BLOODWORTH, J.   1.   For no reason alleged did the court err in allowing to go to the jury the evidence the introduction of which is complained of in grounds 1, 2, and 3 of the motion for a new trial.   Nor did the court err in refusing to exclude the evidence of which complaint is made in the 4th ground.

2.   This court will not say that the judge who tried the case abused his discretion in refusing to declare a mistrial because of certain statements made in the argument of the prosecuting attorney, and of which complaint is made in grounds 5, 6, and 7 of the motion.   We will not say that the statements were not legitimate deductions from the evidence.

3.   In the light of the evidence and the charge given, the court did not err in refusing to give in charge to the jury the several instructions requested by counsel for plaintiff in error.

4.   The accusation contained two counts; the first charging the defendant with selling, and the second with possessing, intoxicating liquors. In *Taylor* v. *State,* 5 *Ga. App.* 237 (62 S. E. 1048), the 5th headnote is as follows:   "That one accused of unlawfully selling intoxicating liquors is in possession of quantities of liquors, beer, bottles, jugs, and measures, is a circumstance which, in connection with other circumstances, will authorize the inference that the owner is engaged in the unlawful sale of intoxicants.   Such evidence is admissible though obtained by unlawful seizure."   Under the foregoing ruling we can not say that there is no evidence to support the conviction on the first count.   There is ample direct evidence to support the finding of the jury on the second count. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*