### 37328, 37329.  CRIDER *v.* THE STATE (two cases).

DECIDED SEPTEMBER 16, 1958.

*Earl Staples, R. J. Brown,* for plaintiff in error.

*William J. Wiggins, Solicitor,* contra.

TOWNSEND, Judge. ■ It is not a ground for continuance that some of the jurors impanelled to try the second case against the defendant had been present at a part of the first trial. This point should have been made by a challenge to the polls. *Greeson* v. *State,* 97 *Ga. App.* 248(1) (102 S. E. 2d 506); *Gibbons* v. *State,* 24 *Ga. App.* 130(1) (99 S. E. 894); *Daniels* v. *State,* 58 *Ga. App.* 599 (199 S. E. 572); *Humphries* v. *State,* 100 *Ga.* 260 (28 S. E. 25).

■ In order to construe certain testimony to which the defendant objected as meaning anything at all, it must be taken to mean that the witness testified that the defendant had stated to him that from then on he intended to quit the whisky and just sell beer and wine, there was more money in it. The reference to whisky was objected to as being irrelevant and prejudicial. "Any statement or conduct of a person which indicates a consciousness of his being guilty of a crime which has been committed, where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him, upon his trial for having committed it." *Hixon* v. *State,* 130 *Ga.* 479(2) (61 S. E. 14). The statement of the defendant here was properly admitted in evidence under this principle of law, and, being admissible, was not rendered inadmissible by the fact that there was implied therein an admission as to a previous offense of selling whisky, since the statement was such that, in order to convey any meaning at all, it had to be stated in its entirety. It was stated in *McClung* v. *State,* 206 *Ga.* 421(1) (57 S. E. 2d 559): "Where evidence is relevant for the purpose of showing flight or to explain conduct and ascertain motives, it will not be excluded because it incidentally shows the commission of another crime." This ground is without merit.

■ The court charged: "Before you would be authorized to convict on circumstantial evidence alone, the proved facts must not only be consistent with the hypothesis of guilt but must be

excluded from every other reasonable hypothesis save that of the guilt of the accused. The term hypothesis as used in this connection refers to and means reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life." He then stated: "Frequent presence of quantities of beer is sufficient to meet the circumstantial evidence rule which I have just called to your attention." In deciding the general grounds of a motion for new trial in *Fouts* v. *State*, 96 *Ga. App.* 876 (101 S. E. 2d 925) this court held that the possession of *large* quantities of beer *coupled with* other named incriminating circumstances was sufficient to overcome the rule of circumstantial evidence as set out in Code § 38-109. The statement in the body of the case as quoted by the trial court here, standing alone, is misleading. The jury could have understood from the excerpt of the charge complained of that the proved fact of "frequent presence of quantities of beer" without regard to its explanation, the amount possessed, or any other circumstance, is consistent with the hypothesis of guilt and excludes any other reasonable hypothesis save that of the guilt of the accused. The defendant in his statement offered the explanation that the beer was possessed by him for his own use. The evidence discloses many circumstances, including the possession of the beer, which tend to discredit this explanation and to show the guilt of the defendant. Nevertheless, it is the province of the jury to measure these facts and circumstances by the rule and to determine if they are "consistent with the hypothesis of guilt, and if they exclude every other reasonable hypothesis save that of the guilt of the accused." Mere possession of an undetermined quantity of beer may be as consistent with innocence as with guilt, and is not as a matter of law and under all circumstances sufficient by itself to serve as the basis for conviction. This excerpt from the charge was error in that it constituted an invasion of the province of the jury.

The general grounds of the motions for new trial in both cases are not argued and are accordingly treated as abandoned.

The trial court erred in denying the motion for new trial as to case No. 37328. He did not err in denying the motion for new trial as to case No. 37329.

*Judgment reversed in case No. 37328. Judgment affirmed in case No. 37329. Gardner, P. J., and Carlisle, J., concur.*