## 41771. SHINALL v. THE STATE.

Deen, Judge. 1. In *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), on the trial of the defendant for burglary, the State introduced over objection three guilty pleas of the defendant as to other burglaries perpetrated within one week to three months of the date of the offense for which he was on trial. The Court of Appeals had, by a divided bench, affirmed the conviction. The Supreme Court reversing, held: "While the other offenses shown by the evidence objected to were of the same sort as the one for which the defendant was on trial, this did not render the evidence admissible, for they were wholly independent, separate, and distinct" and that, so long as *Code* § 38-202, forbidding the character of the defendant to be placed in issue by the State, remains in our law, "the appellate courts are without power to repeal it or destroy it by chiseling it away."

2. In the present case the defendant Shinall, who was tried separately, was indicted jointly with Brown and Clayton for the burglary of the Welding Supply & Service Co., Inc. There was evidence showing joint participation by the three defendants in this crime. The State, in addition, introduced in evidence a statement signed by this defendant and Brown, not signed by Clayton nor in any way implicating him, not referring to the offense for which Shinall was on trial, which amounted to a confession by Shinall and Brown that at times ranging between 6½ and 11½ months previously they had burglarized two schools and a Board of Education area office. It is contended that the evidence of other crimes was admissible "to show scheme, motive, plan, design, bent of mind, and to prove the conspiracy, or the furtherance of a conspiracy," citing *White v. State,* 177 Ga. 115 (3) (169 SE 499); *Sisk v. State,* 182 Ga. 448 (1) (185 SE 777) and *Walker v. State,* 220 Ga. 415 (8) (139 SE2d 278). That evidence of other crimes offers an inference of a criminal bent of mind which makes it easier to believe the defendant has committed the crime for which he is on trial is exactly the reason for excluding such testimony. As an exception to the rule, where several are involved, it is permissible to prove a conspiracy to do a series of related criminal acts and then show that the act for which the defendant is on trial is one of that series. See cases cited in the dissenting opinion in *Hodges v. State,*

85 Ga. App. 617, 625 (70 SE2d 48), which dissent was approved in *Bacon v. State*, supra, at page 263. Indubitably the evidence offered here fulfills no such purpose. At most it shows that a number of months previously some of the defendants implicated in the present burglary of the welding company committed burglaries of school property. Proof of the former offenses in no way tends to establish the commission of the latter. Nor does the mere fact that in each case some of the stolen property was later sold, since the usual reason for stealing property is to convert it into cash.

The trial court erred in overruling the motion for a new trial.

   *Judgment reversed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED FEBRUARY 8, 1966—DECIDED FEBRUARY 16, 1966.

*Thomas A. Travis, Jr.*, for appellant.

*Lewis R. Slaton, Solicitor General, Jess Watson, J. Walter LeCraw*, for appellee.