## 46457. SMITH v. THE STATE.

EVANS, Judge. Based upon an accusation for the offense of a misdemeanor in removing encumbered property to hinder a levy thereon, the defendant was tried and convicted. He was sentenced to serve one year in the penitentiary. The appeal is from this judgment and sentence. A motion for new trial was thereafter filed, heard and overruled. The following errors are enumerated, including the overruling of the defendant's motion for new trial: 1. The court erred in charging the provision of *Code* § 67-9905 that when a search shall have been made by the levying officer for the purpose of levying an execution and the property described therein is not found at the defendant's home, if the defendant shall fail or refuse to direct said levying officers to said property, said officers shall enter a nulla bona, and the testimony of the officer, or the entry of nulla bona, when properly proven, shall shift the burden of proof to the defendant; 2. The court erred in failing to instruct the jury upon the law of "intent as a mutual element of the offense charged in *Code* § 67-9902 and the relation of intention to the question of guilt or innocence." 3. The court erred in overruling defendant's request to strike a prospective juror for cause as she banks with the prosecutor (Rome Bank & Trust Co.) and has a pecuniary interest in the case through payment of interest to her by the bank on her savings account. 4. The court erred in allowing the solicitor to prove over objection that the defendant had been convicted on five counts of prostitution in violation of the prohibition against placing the defendant's character in issue and in violation of the requirement that there be "a certified copy or original of the conviction" for same

to be admissible in evidence (in this instance the testimony as to conviction was elicited from the defendant who was sworn and testified as a witness in his own behalf). 5. The court erred in overruling the defendant's motion for mistrial because of the introduction of the above evidence in that the prosecution had been allowed to prove prior conviction of the defendant, thus placing his character in evidence when he had not chosen to do so; and 6. The court erred in overruling the motion for new trial based upon the general grounds alone. *Held:*

1. During the trial the certified copy of the chattel mortgage foreclosure proceeding was introduced showing the entry of a nulla bona by the levying officer. There was also testimony as to the residence of the defendant in Floyd County but that defendant was not at this address. Based upon the above, the court charged the jury the substance of *Code* § 69-9905 as to the shifting of the burden of proof when the property is not found at the defendant's home, "and if defendant shall fail or refuse to direct said levying officer to said property," a nulla bona shall be entered and the testimony of the officer or an entry of a nulla bona when properly proven shall shift the burden of proof to the defendant. The enumerated error as to this charge is meritorious, for there was no proof whatsoever that the defendant failed or refused to direct the levying officers to said property. On the contrary, there was sworn testimony by the accused that he was in jail, hence he could not have refused or failed to have directed the levying officers to the property since he was completely unavailable as shown by the entire testimony. The court erred in giving the substance of this Code section in its charge.

2, 3. Counsel failed to cite any authority or reasons to support its claim of error as to these two enumerations. We have examined them and find no error. These specifications are not meritorious.

4, 5. When the defendant was called as a witness he testified that he had made the loan with the bank but had sold it subject to the mortgage and that he had advised the bank who said "it will be O. K. just keep up the payments," and that he had kept up the payments until he got in some trouble in Atlanta, which

took all his money and that he went into the bank to sign another note for the balance which he was unable to pay, the bank well knowing he could not pay it since he was in jail and he (Mr. McCool—bank official) thought he was "going off." Based upon the above testimony, over objection, the solicitor was allowed to go into detail as to the offenses for which he was convicted, and the defendant was required to answer over objection and give sworn testimony thereon, the court holding that the solicitor had a right to a thorough and sifting cross examination on the subject since defense had "opened this box." Both the fifth and sixth enumerations of error are meritorious since at no time while the defendant witness was on the stand did he place his character in issue in such a way to allow the State to go into great detail as to his convictions and reasons for being in jail. His testimony was merely that after he got in trouble in Atlanta he lost everything he had and was unable to pay his debt on this automobile. The court erred in holding that the defendant had opened the way for the State to attack his character and to cross examine defendant on said subject. The court should have granted the motion for mistrial. These errors require the grant of a new trial. *Code* § 38-202. See *Howard v. State,* 144 Ga. 169 (2) (86 SE 540); *Corley v. State,* 64 Ga. App. 841, 842 (14 SE2d 121); *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Shinall v. State,* 113 Ga. App. 127 (147 SE2d 510).

6. While the evidence here made out a case of misdemeanor, that is, the wrongful sale of mortgaged property without the consent of, and with the intent to defraud, the mortgagee, as set forth in *Code* § 67-9901, the defendant here was charged with a violation of *Code* § 67-9902 in that he did remove, hide, secrete and dispose of the property conveyed by said bill of sale, so as to hinder, delay and prevent the levying officers from levying on said property described in said bill of sale. The evidence was insufficient to show that he did the above for the purpose of hindering and delaying and preventing levy. The general grounds of the motion for new trial are therefore meritorious, and a new trial should be granted for this reason, as well as those set out above.

*Judgment reversed. Jordan, P. J., concurs. Quillian, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 8, 1971.

*Garland & Garland, Edward T. M. Garland,* for appellant.
*F. Larry Salmon, Solicitor,* for appellee.