## 30365. BRANNEN v. THE STATE.

Undercofler, Presiding Justice.

Charles Michael Brannen was convicted of the murders of Don Cross and James Walter Scott and of motor vehicle theft. He was sentenced to serve consecutively two life terms and a seven-year term. He appeals to this court. *Held:*

1. The appellant contends that it was error for the district attorney to fail to disclose to counsel for the accused certain material exculpatory evidence that was within the knowledge of the district attorney, under the ruling made in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215).

We have long observed that there is no Georgia

statute which requires discovery in criminal cases. *Pass v. State,* 227 Ga. 730 (12) (182 SE2d 779) (1971). The question involved in this case, however, does not deal with Georgia law, but with the due process mandate of a fair trial.

In Moore v. Illinois, 408 U. S. 786, 794 (92 SC 2562, 33 LE2d 706) (1972) it was said: "The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment."

The requested statement was furnished appellant's counsel at the time of his request. Therefore the appellant has not shown how the "lack of this information prior to trial so impaired his defense that he was denied a fair trial within the meaning of the Brady rule." This enumeration of error is without merit. *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974); *Wisdom v. State,* 234 Ga. 650 (217 SE2d 244) (1975); *Zirkle v. State,* 235 Ga. 289 (1975).

2. Code § 26-703 provides: "A person shall not be found guilty of a crime when at the time of the act, omission, or negligence constituting the crime, such person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." Ga. L. 1968, pp. 1249, 1270.

The trial court charged this principle of law and further charged the jury that the delusional compulsion must justify the action in question. The appellant argues that justification is no longer "a valid and legal test for the defense of delusional compulsion" since the passage of the 1968 Act.

There is no merit in this contention. In *Brown v. State,* 228 Ga. 215, 218 (184 SE2d 655) (1971) in dealing with the question of delusional compulsion this court said that the question presented was ". . . whether the delusion under which the defendant contends she was suffering, would, if true, have justified the act." The *Brown* case involved a homicide which occurred in 1971 after the passage of the 1968 Act and is controlling here. This has long been the rule in Georgia. *Mars v. State,* 163 Ga. 43 (135 SE 410) (1926); *McKinnon v. State,* 51 Ga. App. 549

(181 SE 91) (1935); *Choice v. State,* 31 Ga. 424, 478 (1859); *Hill v. State,* 64 Ga. 453 (3a) (1880).

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

ARGUED OCTOBER 7, 1975 — DECIDED OCTOBER 28, 1975.

*Bennett, Saliba, Wisenbaker & Newsome, George M. Saliba,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.