51934, 51935. HERRIN v. THE STATE (two cases).

McMURRAY, Judge.

These two cases involve the same defendant and are considered together because of their similarity.

The defendant was separately tried under two indictments of unlawfully distributing marijuana in violation of the Georgia Controlled Substances Act. Motions for discovery were made and denied, and motions to quash were likewise made and denied. In case No. 51934 (no. 28553), defendant was convicted and sentenced to serve five years. In case No. 51935 (no. 28635), he was convicted and sentenced to serve 10 years. Motions for new trial, as amended, were denied, and defendant appeals. *Held:*

1. The motions to quash objected to the indictment because it failed to allege to whom the marijuana was unlawfully distributed and failed to allege any other specifics which would protect defendant against subsequent jeopardy, other than alleging the date of the offense. The statute makes it a crime to unlawfully possess, control, manufacture, deliver, distribute, transfer, administer, sell or possess with intent to distribute marijuana. The language of the indictments here was couched in the language of the statute, hence, they were not subject to demurrer or motion to quash for lack of sufficient specifications. See in this connection

*Buchanan v. State,* 215 Ga. 791(3) (113 SE2d 609); *Eubanks v. State,* 217 Ga. 588 (1) (124 SE2d 269); *Schulman v. State,* 94 Ga. App. 489 (95 SE2d 343).

2. The general rule is that evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day prior to the date alleged, if within the statute of limitation for the prosecution of the offense. *Robinson v. State,* 209 Ga. 650, 652 (7) (75 SE2d 9); *McGrudger v. State,* 213 Ga. 259 (1) (98 SE2d 564); *Gravitt v. State,* 220 Ga. 781 (2) (141 SE2d 893).

3. It is contended by defendant that the court instructed the jury that if at any time during the last four years the defendant committed the act charged in the indictment, a guilty verdict would be authorized and that the exact day of the offense was not material. But nowhere in the enumerations of error or brief has the defendant pointed out the place in the charge where such instructions were given. Both charges were quite lengthy, which points up the reason why appellant should have been specific in pointing to the exact page and place in the transcript where the instructions complained of were given.

Rule 18 (Code Ann. § 24-3618) as to structure and content of the briefs and enumerations of errors in each case has not been complied with by appellant. Citation to the particular parts of the transcript which are essential to the consideration by this court of the errors complained of, not having been set forth by appellant, no ruling is required and none is made on these enumerations of error.

4. Error is enumerated as to the alleged sustaining of an objection by state's counsel to the cross examination of the state's expert witness Price in case No. 51934, regarding this expert's failure to use certain authenticated standards in the microscopic examination of the alleged contraband. But defendant failed to cite the location of this objection in the cross examination of this witness. Again, the violation of Rule 18 (Code Ann. § 24-3618) as to structure and content of the brief and enumeration of error leaves us unable to consider this enumeration of error.

5. During the cross examination of a state witness who allegedly purchased the marijuana from defendant,

in Case No. 51935, defense counsel attempted to use a transcript of a tape recording made by an investigator for the defense in talking to this witness during his investigation. The court refused to allow defense counsel to read from this unofficial transcript for the purpose of refreshing the witness' memory in trying to impeach him and held that this would not be possible. A comprehensive set of standards for sound recording has been set forth by this court in *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207 (3) (88 SE2d 167). The requirements of the *Solomon* case were approved by the Supreme Court in *Central of Ga. R. Co. v. Collins,* 232 Ga. 790, 794 (209 SE2d 1). While the tape recording was not submitted in evidence and indeed the court prevented the defense from laying a proper foundation for same, nevertheless, the court erred in this instance in not allowing a thorough sifting cross examination based on the transcript of the tape and in ruling the tape and transcript thereof were inadmissible. This was error requiring the grant of a new trial in Case No. 51935.

6. Defense counsel contends he was not allowed a thorough and sifting cross examination of a state witness. He contends he sought to examine this witness as to pending criminal cases against said witness and as to the motive of said witness in testifying against the defendant. Examination of the transcript (Case No. 51935) discloses that the court refused to allow defense counsel to ask the witness how many times he had been arrested and for what he had been arrested. In *Pierce v. State,* 29 Ga. App. 68 (113 SE 47) (a two judge opinion), in a similar case, this was held to be error in denying a thorough and sifting cross examination of the witness.

But in *Lovinger v. State,* 39 Ga. App. 116 (2), 118 (146 SE 346) (a three judge opinion), and *Reid v. State,* 49 Ga. App. 429 (176 SE 100) (again a mere two judge opinion), this court refused to follow the *Pierce* case, citing Supreme Court decisions that only conviction of crimes involving moral turpitude may be used to impeach a witness or to discredit his testimony. Here the court refused to allow the witness to be asked "how many times he has been arrested and what he has been arrested for," although a thorough and sifting cross examination was otherwise

allowed. We are bound by such Supreme Court cases as *Howard v. State,* 144 Ga. 169 (2), 171 (86 SE 540); *Swain v. State,* 151 Ga. 375 (4a, b) (107 SE 40); *Moore v. State,* 231 Ga. 301, 302 (1) (201 SE2d 432). See also the recent cases of *Smith v. State,* 124 Ga. App. 581, 583 (4, 5) (184 SE2d 681). The court did not err in refusing to allow the defense to ask this question.

7. In examination of an expert witness for the defense, on objection, the court restricted his testimony to his own knowledge of tests performed by him. Defense counsel contended an expert may give qualified hearsay if he can authenticate the source from his studies of texts and treatises. An expert's opinion may be based in part on hearsay, and it goes to his weight and credibility, not to its admissibility. *City of Atlanta v. McLucas,* 125 Ga. App. 349 (2) (187 SE2d 560); *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716); *State Hwy. Dept. v. Howard,* 124 Ga. App. 76 (2) (183 SE2d 26). The court erred in restricting the expert's testimony as to hearsay and allowing him to testify only as to actual knowledge of tests performed by him. This was error in Case No. 51934 requiring a new trial.

8. One of the main defenses in Case No. 51935 was that if the defendant gave the state witness any substance at all it was cannabis indica, a poison classified as prohibited by the Federal government (see 21 USCA § 209) but not by the state, instead of illegal cannabis sativa L. prohibited by the state. See Code Ann. § 79A-802 (o). The evidence here was sufficient for the jury to decide that the substance was cannabis sativa L.

9. Written requests to charge were made in both cases to the effect that the state must prove the questioned substance to be some part of the plant cannabis sativa L. whether growing or not. The court did charge the substance of Code Ann. §§ 79A-802 (o), and 79A-811 (j), and consequently gave the substance of the written requests. There is no merit in these complaints.

10. Appellant's sixth enumeration of error, (Case No. 51935) is that the court erred in (1) denying its discovery motion to have "access to a sample of the alleged marijuana for testing" and (2) "not allowing the defense access to the state crime lab and in prohibiting the defense

from showing its lack of access to the lab to the jury."
Appellant cites Brady v. Maryland, 373 U. S. 83 (83 SC
1194, 10 LE2d 215) and the recent Fifth Circuit case of
Barnard v. Henderson, 514 F2d 744 (1975), as authority
for a constitutional requirement that such a critical piece
of evidence (marijuana) be made available for testing by
defendant's own experts. Brady states only that the
"suppression of evidence *favorable* to an accused" and
"which, if made available, would tend to *exculpate* him" is
that which deprives a defendant of due process. Id. pp.
87-88. (Emphasis supplied.) While the Fifth Circuit may
take a different position as to whether or not there must be
some showing that the evidence would be favorable to the
defendant (Barnard v. Henderson, supra; Williams v.
Dutton, 400 F2d 797, 800 (5th Cir.)), we are not referred to
any United States Supreme Court decision or Georgia
Supreme Court decision as authority for such position. On
the contrary, the Georgia decisions state that the
defendant has the burden of showing that the denial of
such access so impaired his defense that he was denied a
fair trial. See *Brannen v. State,* 235 Ga. 505 (1) (220 SE2d
264); *Nations v. State,* 234 Ga. 709 (1) (217 SE2d 287);
*Chenault v. State,* 234 Ga. 216 (3) (215 SE2d 223); *Hicks v.
State,* 232 Ga. 393, 394 (207 SE2d 30). The defendant has
not made a showing here. The state's witness from the
criminal laboratory testified and was subjected to a
thorough cross examination by defendant's counsel. The
marijuana was examined and tested by the state's witness
and the accuracy of his testing techniques were fully
explored on cross examination. In addition, defendant
offered his own expert witness in an attempt to
undermine the accuracy of the tests and the results of the
state's evidence. The right of discovery in Georgia in
criminal cases is limited. See *Jarrell v. State,* 234 Ga. 410
(216 SE2d 258); *Henderson v. State,* 227 Ga. 68 (2) (179
SE2d 76); *Julian v. State,* 134 Ga. App. 592 (3) (215 SE2d
496). To require general discovery for the purpose of
determining whether the information sought is favorable
or unfavorable where there is no showing of impairment
of the ability to defend would be contrary to the Georgia
cases in this area and is not required by Brady v.
Maryland, supra. There is no merit in this enumeration

of error.

11. The sole basis for the state's position in both cases involved witnesses who had approached the defendant, and that defendant gave these witnesses the marijuana which was then given to or found on them by an officer immediately after the witness had approached the defendant. The definition of an accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator. See *Street v. State,* 179 Ga. 636 (1) (176 SE 633); *Suddeth v. State,* 112 Ga. 407 (2) (37 SE 747); *La-Fray v. State,* 48 Ga. App. 133 (1) (172 SE 115). Whether a witness is an "accomplice" within the meaning of the exception in the criminal code relating to the number of witnesses necessary to establish a fact, the test in general is could the witness himself be indicted for the offense either as a principal or a "person concerned" in the commission of the crime. Code Ch. 26-8. See also *Kearce v. State,* 178 Ga. 220 (2) (172 SE 643); *Springer v. State,* 102 Ga. 447 (30 SE 971); *Montford v. State,* 144 Ga. 582 (1) (87 SE 797).

The evidence as to whether or not these witnesses were accomplices was in dispute. In Case No. 51935 the defense made a written request for a charge that if these witnesses participated either as principal or as accessories, they would be known as accomplices. In Case No. 51934 the defense made two written requests as to whether the witness who allegedly purchased the marijuana was a party to the crime and requesting in the alternative charges on the law as to parties to a crime and entrapment. The court did charge the Code section on parties to a crime. By enumeration of error the defense sought to raise the issue of a charge that this witness was an accomplice. The charges as requested were argumentative and the court did not err in refusing to give the written requests. The court should have distinctly charged the juries in each case as to what is necessary to constitute one an accomplice. Of course, in Case No. 51935 the defense used language such as "principal" and "accessory" which is no longer in the criminal code which has adopted the terminology "parties to crime" or a "person concerned in the commission of a crime." Code Ch. 26-8. However, defendant has failed to raise a proper

objection to the failure to charge the law necessary to constitute one an accomplice in Case No. 51934. But the failure to charge in Case No. 51935 was error. See *Maddox v. State,* 136 Ga. App. 370 (2) (4) (221 SE2d 231). The mere fact that the accomplice's testimony was corroborated by the testimony of the officers is no reason for refusing to give such written request.

12. After deliberations from 8 to 12 hours, the jury failed to reach a verdict. The court then gave the so-called "Allen charge" (dynamite charge as characterized by the defense) to impress upon the jury the importance of reaching a verdict. See Allen v. United States, 164 U. S. 492, 493, 501 (17 SC 154, 41 LE 528). Such a charge is approved in *Willingham v. State,* 134 Ga. App. 603, 607 (215 SE2d 521), if cautionary instructions are given that the verdict must be the conclusion of each juror and not a mere acquiescence by the jurors in order to reach an agreement. The cautionary instructions were given, and the court did not err in denying the motion for a mistrial. See *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78) and cits.; also see *Spaulding v. State,* 232 Ga. 411, 412 (4) (207 SE2d 43).

13. On the poll of the jury, one of them found a yes or no answer very difficult to give, and finally answered as to her verdict that "it was freely and voluntarily made under persuasion." If a juror agrees, even reluctantly, that is sufficient in law. *Ponder v. State,* 11 Ga. App. 60, 61 (74 SE 715). There is no merit in the complaint that it was not the verdict of all 12 jurors.

14. The court did not err in the sentencing phase of the case in considering a previous plea of nolo contendere and a previous plea of guilty. See Code Ann. § 27-2503. Nor was the defendant's right to equal protection under the 14th Amendment violated by considering his prior convictions. See *Landers v. Smith,* 226 Ga. 274 (3) (174 SE2d 427).

15. The court did not err in sentencing the defendant the mandatory 10 years, the same not being cruel or unusual punishment. See Code Ann. § 27-2511.

16. But for the reasons stated in Divisions 5, 7 and 11, a new trial is required in both cases.

*Judgments reversed. Pannell, P. J., and Marshall,*

*J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MAY 21, 1976.

*Al Horn,* for appellant.
*Joseph H. Briley, District Attorney, Reginald Bellury, Assistant District Attorney,* for appellee.