## 54346. DAVIS v. THE STATE.

SHULMAN, Judge.

This appeal follows a sentence of the court after a jury verdict finding appellant guilty of possession and sale of narcotics in violation of Code Ann. § 79A-803.

1. Appellant urges that the court erred in failing to conduct a preliminary hearing after an indictment was returned against him. This contention has been decided adversely to appellant in *State v. Middlebrooks*, 236 Ga. 52 (222 SE2d 343).

2. Appellant avers that the court erred by denying his motion for discovery and to compel disclosure of FBI files on a state witness, a nonresident police officer assigned to a Georgia police unit. It is asserted that the FBI report on the police officer would have indicated an arrest for a "phony drug bust," i.e., a staged arrest of the officer made for the purpose of enhancing the officer's ability to infiltrate the drug scene.

The evidence which appellant sought concerning this "phony drug bust" was elicited during the trial, in part by

the prosecution. Moreover, the evidence sought was not in the prosecutor's file. Accordingly, this argument must fail. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30); *Brannen v. State,* 235 Ga. 505 (220 SE2d 264).

3. Appellant maintains that the court erred in refusing, on timely written request, to charge the jury on minimum standards for police officers (Code Ann. § § 92A-2108, 92A-2115) and nonresident police officers (Code Ann. § 26-9904). It is not contended that the arrest was illegal, see *Campbell v. State,* 136 Ga. App. 338 (221 SE2d 212), but that the requested charges were necessary to guide the jury in weighing the credibility of a nonresident police officer. There was no error here.

The jury was adequately instructed as to credibility. The requested charge contained extraneous issues that may have confused or misled the jury and was properly refused. *Johnson v. State,* 143 Ga. App. 160 (4).

4. Appellant moved for a continuance because a defense witness who was not present in court was ordered arrested for contempt in the presence of the jury panel. The defense asserted that a continuance was appropriate because the citation for contempt reflected on the appellant and may have tainted the minds of the jury panel.

" 'The grant of motions for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he abused his discretion.' [Cits.]" *Gaines v. State,* 142 Ga. App. 181 (1) (235 SE2d 640).

The objection urged against the competence of the jury is not a ground for a continuance under the circumstances here. See *Crider v. State,* 98 Ga. App. 164 (1) (105 SE2d 506); see also *Grainger v. State,* 138 Ga. App. 753 (1) (227 SE2d 483). The trial court did not err in denying the motion.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Argued September 15, 1977 — Decided September 28, 1977.

*Lawton & Karpf, Michael L. Karpf,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.