## 59513. WRIGHT et al. v. THE STATE.

DEEN, Chief Judge.

Robert and Cynthia Wright were convicted by a jury of two counts of violating the Georgia Controlled Substances Act. (Possession of marijuana with intent to distribute and possession of cocaine.) Cynthia was sentenced to seven years on each count to be served concurrently with the last four years on probation and a $500 fine to be paid six months after release from prison. Robert was sentenced to nine years on each count to be served concurrently

with the last four years on probation and a $500 fine to be paid six months after release from prison. They bring this appeal following the denial of their motion for a new trial.

1. They first assert the general grounds. The evidence showed that a police officer had probable cause to obtain a search warrant for a house rented by Robert Wright. When the warrrant was executed, the Wrights and Robert Wright's brother were sitting in the living room and the men were smoking marijuana. During the ensuing search, two plastic bags containing approximately two pounds of marijuana were found beneath some clothing on a chair in a child's bedroom, a small quantity of marijuana was discovered in plain view on top of a dresser in the master bedroom along with a metric scale, some ziplock plastic bags, several small brown "coin" envelopes, a tin can containing $1,399 and a cigar box containing $199. A box containing $1,688 was found in a drawer containing women's underclothes and a small silver colored spoon bearing 1.5 grams of cocaine residue was found in the master bedroom closet. Appellants testified that Robert Wright's brother had resided with them for one and one-half months, that he had full access to the house including keys to the house, their car and their barbecue business, and that he slept in the child's bedroom.

It is well established that "[a]s between husband and wife, there is a presumption of law that [contraband] found in the home belongs to the husband. . . But such a presumption cannot be broadened to include all relatives who may be living in the same house with the defendant" and have equal access to it. *Harper v. State,* 85 Ga. App. 252, 254 (69 SE2d 102) (1952). The equal access rule applies to contraband that is for the most part in "open, notorious and easily accessible areas." *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976). In the present case, appellants have affirmatively shown that Robert's brother had an equal opportunity to possess the marijuana found in the child's room. *Brown v. State,* 130 Ga. App. 11 (202 SE2d 268) (1973). However, as to the marijuana found in plain view on top of the dresser in the master bedroom, Robert Wright's admission that he occupied the room and that he was smoking marijuana when the police arrived would authorize a jury to find that he possessed the contraband. *Tuggle v. State,* 149 Ga. App. 634 (255 SE2d 104) (1979). As between Cynthia and Robert Wright, it is presumed that the contraband found in their bedroom belonged to Robert, *Harper v. State,* supra, and there was no evidence to link Cynthia to possession of either the marijuana or the spoon bearing cocaine residue and her conviction must be reversed.

While mere possession of contraband without more will not

serve as the basis for a conviction for possessing contraband for purposes of sale, *Crider v. State,* 98 Ga. App. 164 (105 SE2d 506) (1958), Robert Wright's testimony that the scale, plastic bags, coin envelopes, and cash found on top of the dresser belong to him would authorize a jury to infer that he possessed marijuana with intent to sell it. *Bell v. State,* 35 Ga. App. 465 (134 SE 120) (1926).

2. Appellants next contend that the amount of cocaine (1/200th of an ounce) found on the spoon was insufficient to constitute an offense under Georgia law. As an expert witness from the State Crime Laboratory was able to identify the residue on the spoon as cocaine, a sufficient quantity of contraband was present to support Robert Wright's conviction for possession. *Partain v. State,* 139 Ga. App. 325 (228 SE2d 292) (1976).

3. In their final argument, appellants contend that the trial court erred by imposing a $500 fine upon each as a condition of probation. Under Code Ann. § 27-2529, a judge may "by any law so authorizing, place on probation any person convicted of a felony, such judge may in his discretion fine such a person so convicted not more than $2,000 as a condition to such probation." This enumeration is without merit as to Robert Wright.

Accordingly, Robert Wright's convictions are affirmed and Cynthia Wright's are reversed.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED APRIL 10, 1980 — REHEARING DENIED APRIL 24, 1980 —

*Paul W. Calhoun, Jr.,* for appellants.
*H. Reginald Thompson, District Attorney, Richard A. Malone, Assistant District Attorney,* for appellee.