## A94A1265. SHELTON v. THE STATE.
### (448 SE2d 771)

SMITH, Judge.

Larry Joseph Shelton was indicted and convicted on two counts of aggravated child molestation. His motion for new trial was denied and he appeals.

1. Shelton enumerates the general grounds. Construed most strongly against him, the evidence shows that his ten-year-old stepdaughter approached a school guidance counselor and reported that Shelton had sexually molested her. She described the molestation in detail. The guidance counselor reported this conversation to the Department of Family & Children Services (DFACS), and the victim was interviewed again in the presence of a DFACS caseworker and a sheriff's deputy. Her account of what had occurred remained consistent in these interviews. The victim testified at trial somewhat hesitantly, but her testimony was consistent with her earlier interviews. Shelton testified, denying the charges, but he admitted he sent a letter to the victim's mother instructing her to talk to the victim, "make sure she don't say anything, I mean *nothing!*" and "if she didn't testify, then they wouldn't have a case." The letter stated at the bottom "burn when finished."

The victim's mother testified that the victim recanted her testimony shortly before trial, but the victim testified that her mother had instructed her to lie because if Shelton "gets put back in jail he'll go back to the chain-gang." A former attorney for Shelton testified that the victim stated in an interview with him that people were trying to get her to say things that were untrue, and that she "no longer knew what the truth was." However, he testified he was unaware of the letter from Shelton to the victim's mother, and he conceded it was possi-

ble the victim's mother could have told her to lie. Another relative testified the victim stated she had "lied on my daddy." There was also some inconsistency in the victim's testimony regarding whether Shelton attempted intercourse with her and whether he succeeded.

All this evidence, however, was before the jury, and any conflict was resolved against Shelton. See generally *Neese v. State*, 183 Ga. App. 773, 775 (1) (360 SE2d 1) (1987). Viewed in the light most favorable to the verdict, there was evidence presented from which a rational trier of fact could reasonably find that Shelton was guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shelton executed a "Stipulation for Admissibility of Polygraph Examination Results." He now objects to the admission into evidence of the questions propounded by the polygraph examiner, contending he stipulated only to the admissibility of the results. Shelton states that he was unable to find any prior court ruling allowing the questions into evidence under such a stipulation. However, the relevant cases show that such questions have been admitted without objection, tacitly acknowledging the common-sense proposition that knowledge of the questions themselves is essential to an understanding of the results. See *Pittman v. State*, 208 Ga. App. 211, 220-221 (10) (430 SE2d 141) (1993); *Stephens v. State*, 208 Ga. App. 291, 293 (3) (430 SE2d 29) (1993); *Neese v. State*, supra at 774. This enumeration of error has no merit.

3. Shelton also enumerates as error the trial court's refusal to grant his motion for mistrial for violation of an order in limine. The order prohibited the mention of Shelton's jailing on any unrelated criminal charges. However, the trial court noted that "they don't plan to bring up his prior cases, but if . . . after his release from jail he had some kind of contact with the witnesses, trying to get them to change their testimony or something of that nature, that would be relevant. Of course, the emphasis would be the contact with the witness, not that he . . . just got out of jail." It was in precisely this context that the issue of Shelton's release from jail was mentioned. The caseworker for DFACS testified the victim's mother was cooperative in taking the victim to counseling after the report of the molestation, so long as Shelton was not in the home. However, when Shelton returned, the victim's mother ceased to cooperate with DFACS, and the caseworker learned that Shelton was in contact with the victim's mother and the children, in violation of his bond. During this testimony, the caseworker mentioned that Shelton returned because he "got out of jail," and Shelton's attorney moved for a mistrial.

The trial court initially believed there was no violation of the order in limine because the incarceration was for the offenses on trial. However, it later became apparent that Shelton in fact was confined

at that time on an unrelated probation revocation, although that was not revealed to the jury. The trial court found that the violation of the order was not intentional and that Shelton had not been prejudiced by the testimony. Shelton declined the trial court's offer of a curative instruction and renewed his motion for mistrial.

This line of questioning was relevant to support the State's contention that the victim's mother was attempting to shield Shelton and had persuaded the victim to recant her testimony under Shelton's influence. Further, there was no sufficient showing of prejudice. The witness's testimony did not state or suggest that Shelton had been involved in any unrelated criminal activity; the jurors most likely concluded, as the trial court initially did, that Shelton was released after a period of confinement on the offenses charged. Accordingly, the trial court did not abuse its discretion in denying the motion for mistrial. See *Lashley v. State*, 196 Ga. App. 672, 673 (1) (396 SE2d 590) (1990). "Moreover, appellant refused the offer of curative instructions, thus making it impossible for the trial court to repair the alleged prejudice and waiving the grounds to assert mistrial error on appeal. [Cit.]" *Battle v. State*, 195 Ga. App. 542, 544 (2) (394 SE2d 788) (1990).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 22, 1994.

*Michael A. Corbin,* for appellant.

*Jack O. Partain III, District Attorney, Robert B. Richbourg, Assistant District Attorney,* for appellee.