A97A0513. McNAIR v. THE STATE.
(487 SE2d 100)

ANDREWS, Chief Judge.

Ollie M. McNair appeals from the judgment entered on a jury verdict finding him guilty of possession of cocaine with intent to distribute. On appeal, McNair argues the evidence was insufficient to support the verdict and the trial court erred in allowing evidence of a similar transaction without a Uniform Superior Court Rule 31.3 (B) hearing.

The evidence at trial, taken in the light most favorable to the jury's verdict, *Gazaway v. State*, 207 Ga. App. 641, 642 (428 SE2d 659) (1993), was that two police detectives were looking for McNair in order to question him about a homicide they were investigating. The officers saw McNair and another man standing on a street corner and pulled over to the curb. When McNair saw the officers, he threw something on the ground and stepped on it. The detectives got out of the car, went over to the two men and asked McNair to step

back. They found what was later identified as seven rocks of crack cocaine.

An officer testified at trial that McNair was charged with possession with intent to distribute because of the amount of the cocaine. The officer stated that a user normally would have only one or two rocks in his possession, not seven.

The State presented evidence of a similar transaction which occurred after the events described above. McNair was stopped and arrested for driving without a license and a search of the car resulted in the discovery of six to ten pieces of crack cocaine under the driver's seat. He was then charged with possession with intent to distribute.

1. On appeal, McNair argues the evidence was insufficient to show possession with intent to distribute. He contends the officer's testimony that the amount of crack cocaine found was consistent with distribution and not mere possession was insufficient because the officer was not qualified as an expert. We agree.

The evidence at trial was clearly sufficient to show possession of the cocaine. However, mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (268 SE2d 378) (1980). "We have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." *Stephens v. State*, 219 Ga. App. 881, 882 (1) (467 SE2d 201) (1996) (physical precedent only), citing *James v. State*, 214 Ga. App. 763, 764 (449 SE2d 126) (1994).

Here, the only additional evidence presented was the officer's testimony that the amount recovered was consistent with distribution and the similar transaction evidence. In *Davis v. State*, 200 Ga. App. 44, 46 (406 SE2d 555) (1991), we determined that "knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience. Therefore, the testimony was properly admissible under OCGA § 24-9-67." Id. at 46 (2).

In the present case, the officer who testified as to the amount being consistent with distribution was not qualified as an expert. Moreover, the prosecutor did not elicit any background information from the officer from which a jury could infer his expertise and special knowledge on this issue. *Lindley v. State*, 225 Ga. App. 338 (484 SE2d 33) (1997). "This unqualified testimony was not competent evidence of an intent to distribute." *Stephens*, supra at 883 (1).

The State argues that, even without any expert testimony, the similar transaction evidence was enough to support the conviction. We disagree. The only evidence at trial of a similar transaction was the officer's testimony that he arrested McNair for driving without a license and then discovered six rocks of crack cocaine underneath the seat of his car. Another officer testified that this amount was consistent with distribution rather than mere possession, but once again, the officer was never qualified as an expert nor was he asked to give any personal background information. Moreover, there was no evidence that McNair was ever convicted on this charge.[1]

Therefore, the only competent evidence introduced at trial was that McNair was in possession of seven rocks of cocaine. There was no additional evidence offered from which the jury could find an intent to distribute. Accordingly, we find the evidence was insufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find McNair guilty of possession with intent to distribute beyond a reasonable doubt. *Stephens*, supra; *Dyer*, supra. Since there was sufficient evidence to support a verdict for possession of cocaine, this case is remanded with direction that the judgment of conviction for possession with intent to distribute be vacated and judgment and sentence for possession of cocaine be entered. *Stephens*, supra.

2. In light of the holding above, we need not address the remaining enumeration of error.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 21, 1997.

 Before Judge Land.

*Mark T. Phillips*, for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[1] We also note that this Court has held that evidence of a prior conviction of possession with intent to distribute *along with* expert testimony that the amount was consistent with an intent to distribute amounted to proof of intent. See, e.g., *Dyer v. State*, 218 Ga. App. 879, 880 (463 SE2d 718) (1995); *Davis*, supra at 46. Accordingly, under these cases, neither expert testimony nor a prior conviction, standing alone, would be sufficient competent evidence of intent to distribute.