### A97A1939. TATE v. THE STATE.
(495 SE2d 658)

SMITH, Judge.

Odell Tate was indicted by a Floyd County grand jury for the offenses of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), simple possession of cocaine, OCGA § 16-13-30 (a), and possession of cocaine with intent to distribute within 1,000 feet of public housing, OCGA § 16-13-32.5 (b).[1] A jury found him guilty, his motion for new trial was denied, and he appeals. We affirm.

1. Tate asserts the general grounds. Construed in favor of the jury's verdict, the evidence shows that a police officer on foot patrol saw Tate driving a car on the street adjoining the Rome Housing Authority public housing project. Because the officer knew that Tate did not have a valid driver's license, he followed him to a unit in the housing project and arrested him for driving with a suspended license. After briefly patting Tate down for weapons, the officer escorted him to his patrol car. Before placing Tate in the patrol car, the officer lifted up the rear seat to make sure the rear seat area contained no contraband or other objects. The officer had checked his patrol car when his shift began for any "out of the ordinary" objects in the rear seat area, as required by police department policy.

After Tate was placed in the patrol car, the officer conducted an impound and inventory of Tate's vehicle. During this time, the officer observed Tate making unusual movements inside the patrol car. Tate stopped moving several times when he noticed the officer watching him. Once they arrived at the county jail, the officer lifted the rear seat and found a small plastic bottle containing 12 pieces of suspected crack cocaine. A forensic chemist testified that the material tested positive for cocaine. Tate testified and denied any knowledge of the cocaine in the back seat of the patrol car.

(a) In asserting the general grounds, Tate contends the State failed to foreclose the possibility that the cocaine was placed in the patrol car by some other person. After the jury's verdict of guilty Tate can no longer rely on the presumption of innocence, and this Court

---

[1] Tate was also charged with three counts of recidivism.

cannot weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence was sufficient to enable any rational trier of fact to find Tate guilty of the crime charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). It is true that the evidence of Tate's possession of the cocaine was circumstantial. But "[a]lthough such evidence may be classified as circumstantial rather than direct, we conclude that, with all the other evidence taken into account, there is no other reasonable hypothesis to account for the cocaine's presence where it was found other than that appellant had placed it there." *Goins v. State*, 184 Ga. App. 452, 454 (361 SE2d 853) (1987). See also *Cotton v. State*, 223 Ga. App. 288 (1) (477 SE2d 425) (1996). The evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a rational trier of fact to find beyond a reasonable doubt that Tate possessed the cocaine found in the rear seat of the patrol car.

(b) But mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (268 SE2d 378) (1980). "We have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997).

Here, the State offered two types of proof of intent to distribute: Tate's earlier guilty plea to possession of cocaine with intent to distribute and sale of cocaine, along with the testimony of two police officers that the amount of cocaine discovered in this case was inconsistent with personal use. Tate enumerates as error the admission of the similar transaction and the testimony of one of the officers.[2] We disagree; both the similar transaction and the testimony were properly admitted, as discussed in Divisions 2 and 3, below. The evidence was sufficient under *Jackson v. Virginia* to support Tate's conviction for possession of cocaine with intent to distribute. See *Davis v. State*, 200 Ga. App. 44 (406 SE2d 555) (1991).

2. The trial court properly admitted Tate's 1988 plea of guilty to

---

[2] As noted below, Tate did not object to or enumerate as error the testimony of the second officer regarding the amount of cocaine generally possessed for personal use.

one count of a five-count indictment, alleging that he "did . . . possess with intent to distribute, dispense, administer, sell and deliver cocaine." An undercover officer testified that Tate in the earlier incident sold him $475 worth of cocaine within a few blocks of the site of his arrest in this case. Both arrests occurred in the same area, but Tate did not live there. When Tate took the stand, he testified that he came to the housing project to ask a friend to play on a basketball team with him.

While Tate argues there was insufficient similarity between the two incidents, the earlier offense "involved a violation of the Georgia Controlled Substances Act and the sale or intent to sell cocaine. Accordingly, the offenses were substantially similar to justify admission as it is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible to show his identity. On the question of similarity, the trial court's findings will not be disturbed unless clearly erroneous. Further, the similar transaction evidence was being introduced to show motive, intent, and knowledge, purposes deemed appropriate and exceptions to the general rule of inadmissibility." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 220-221 (435 SE2d 737) (1993). See also *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992). In *Collins*, an earlier guilty plea to simple possession of cocaine was held sufficiently similar where the defendant was originally charged with possession with intent to distribute, both incidents occurred in the same area, and the defendant had a number of plastic bags containing cocaine. Id.

In Tate's case, the earlier incident involved an actual sale of cocaine within a few blocks of the arrest in this case, although Tate did not live in the area. The earlier incident involved powder rather than crack cocaine, but the arresting officer testified that crack cocaine was "not that prevalent here in Rome" at that time. The finding of similarity is not clearly erroneous under the standard of *Cantrell* and *Collins*, and the trial court did not err in admitting the evidence.

3. We also find the arresting officer properly testified that the amount of cocaine found was inconsistent with personal use and consistent with sale. As in *Bacon v. State*, 225 Ga. App. 326 (483 SE2d 894) (1997), although the police officer was not formally tendered by the State as an expert witness, the prosecutor questioned him extensively regarding his experience in drug enforcement and his knowledge of the customary methods employed in the use and sale of cocaine. Upon the defendant's objection to the officer's testimony, the trial court expressly found the officer qualified to give an expert opinion. Compare *McNair*, supra (officer not qualified as expert and prosecutor elicited no background information from which jury could

infer expertise).

Moreover, the officer who testified to the similar transaction was also questioned regarding his experience in drug enforcement and knowledge of the habits of crack cocaine users. He testified without objection regarding the amount of crack cocaine customarily carried for personal use. The testimony to which appellant objected was therefore at most simply cumulative of other testimony admitted without objection. "Evidence is harmless where admissible evidence of the same fact is before the jury. Accordingly, any error in overruling defendant's objection would have been harmless." (Citations and punctuation omitted.) *Maher v. State*, 216 Ga. App. 666, 667 (1) (455 SE2d 377) (1995).

4. Tate also enumerates as error the trial court's refusal to grant a mistrial based on the unsolicited remark of a forensic chemist on cross-examination that he had testified in "probation court" regarding the same cocaine sample. After Tate objected, the trial court offered to give an immediate curative instruction to the jury, but noted that it "might call too much attention" to a term that the trial court correctly described as not having "any particular meaning." Tate's counsel immediately responded, "I would ask that that not be done."

"[A]ppellant refused the offer of curative instructions, thus making it impossible for the trial court to repair the alleged prejudice and waiving the grounds to assert mistrial error on appeal." (Citations and punctuation omitted.) *Shelton v. State*, 214 Ga. App. 699, 701 (448 SE2d 771) (1994). See also *Scott v. State*, 207 Ga. App. 196, 202 (1) (b) (427 SE2d 537) (1993) (reference by witness to defendant's "jail file"). Since Tate's counsel declined the trial court's offer to give a curative instruction, Tate cannot now complain that the trial court should have granted his motion for mistrial.

5. In his final enumeration of error, Tate asserts he was denied effective assistance of counsel. In order to show he was denied the constitutional right to counsel, Tate must show that his trial counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. The record shows that this issue was raised in a timely fashion in the amended motion for new trial filed by Tate's appellate counsel. The record further shows that the amended motion for new trial was denied after a hearing. However, no transcript of the hearing on the amended motion for new trial has been included in the record on appeal. "Accordingly, we must presume that [Tate] failed to meet his burden of proving the ineffectiveness of his trial counsel and that the trial court correctly denied the motion for new trial on this ground." (Citation omitted.) *Sorrells v. State*, 267 Ga. 236, 241 (9) (476 SE2d

571) (1996).
*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 15, 1998.

*Farless & Newton, William H. Newton III*, for appellant.
*Tambra P. Colston, District Attorney, Lisa W. Tarvin, Assistant District Attorney*, for appellee.