### A91A1807. WOMBLE v. THE STATE.
(416 SE2d 148)

COOPER, Judge.

Appellant was convicted in a jury trial of possession of cocaine with intent to distribute and appeals the denial of his motion for new trial, asserting as a sole enumeration of error the trial court's denial of his motion for directed verdict of acquittal.

"A directed verdict in a criminal case is warranted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of not guilty, that is, where an acquittal is the only legal finding possible. [Cits.]" *Randolph v. State*, 198 Ga. App. 291 (1) (401 SE2d 310) (1991). The evidence adduced at trial is as follows: While on foot patrol in an area known for drug activity, a Dalton police officer observed appellant, whom the officer already knew, standing next to a vehicle and then walking across the street toward a power pole with something in his hand. Appellant placed the item on the ground behind the power pole, and he sat, leaning against the pole, with his back towards the item. Another man approached appellant, and the two whistled, getting the attention of another car travelling on the street. When the car stopped, the other man went to the passenger side, and appellant went to the driver's side, taking with him the item behind the power pole. While appellant stood at the driver's side of the car, his back faced the officer, blocking the officer's view; however, when appellant turned away, the officer was able to see appellant holding a small, unfolded plastic bag. After approximately 90 seconds, appellant walked back to the pole, rolled the bag up and replaced the bag behind the pole. The officer called for back-up assistance and approached appellant. The officer retrieved a rolled plastic bag from behind the pole which contained 16 rocks of suspected crack cocaine in smaller bags, each with a value of approximately $20 to $40. Appellant was arrested, and $40 in cash was found on his person. The bag of suspected cocaine was sealed in another bag by the police and sent to the crime lab for analysis. An expert from the Georgia State Crime Lab testified that his chemical analysis of one of the "rocks" and his visual examination of the remaining 15 indicated that they were all cocaine. Viewing the evidence in the light most favorable to the verdict, we find the evidence and all reasonable deductions therefrom are such as to enable a rational trier of fact to find appellant guilty of possession of cocaine with intent to distribute beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560) (1979). Therefore, the court did not err in denying appellant's motion for directed verdict of acquittal. *Randolph*, supra.
*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 28, 1992.

Bates, Kelehear & Starr, James E. Toland, Jr., for appellant.
Jack O. Partain III, District Attorney, Kurt A. Kegel, Assistant District Attorney, for appellee.