## A94A1085. ANDERSON v. THE STATE.
### (451 SE2d 103)

SMITH, Judge.

Marcus Anderson was convicted of possessing cocaine with intent to distribute, fleeing to elude a police officer, and reckless driving. His motion for new trial was denied. His appeal is addressed only to the conviction for violating the Georgia Controlled Substances Act.

Construed to support the jury's verdict, the evidence presented at trial showed that on June 21, 1991, Dalton Police Department Narcotics Unit Supervisor John Anthony Gibson received a telephone call from a "concerned citizen" regarding Anderson.[1] Gibson and Anderson knew each other, and at approximately 8:30 p.m., while driving an unmarked vehicle, Gibson observed Anderson driving a car on the streets of Dalton. After observing Anderson make several "unusual" moves within the vehicle and several abrupt turns, Gibson called for assistance in stopping Anderson.

Sergeant Jason Parker responded to the call and then followed Anderson. Parker turned on his blue lights and siren, but instead of pulling over, Anderson increased his speed. The high-speed chase proceeded until Anderson finally slowed, stopped, jumped out of his car, and fled on foot with Parker in pursuit. Parker testified he observed that as Anderson was running he periodically placed his hand in his pocket and looked back. When they finally began slowing down, Parker saw Anderson put his hand in his pocket, pull it out, and drop something on the ground. Based on his experience as a police officer, Parker believed it was cocaine. He also saw Anderson drop a pager.

Anderson then turned around and began jogging backward. When Parker informed Anderson he had seen him "throw the dope down," however, he turned and began running again. Parker radioed for Gibson. Gibson told Parker to stay with the contraband and began looking for Anderson in his vehicle. He located Anderson, who was tired from running and gave up.

Parker testified he never lost sight of the dropped items. Parker testified it had been raining earlier, and the street was wet, but the contraband was dry. When Parker pointed out the items dropped, Gibson placed the loose white rocks into a plastic bag, sealed the bag, and turned it in to the Dalton Police Department evidence custodian. A chemist from the State Crime Lab testified he received the evidence from the same evidence custodian. He weighed the contraband, which he identified as cocaine, and including the plastic bag in which it was enclosed, it weighed 3.9 grams. He stated he believed the bag weighed approximately 1.5 to 1.8 grams.

---

[1] The substance of the "tip" was never disclosed, because the trial court ruled that Gibson could testify only that the call was made and that it prompted his surveillance.

Evidence of a similar transaction was introduced, over objection, showing that on a date subsequent to this incident, Anderson was arrested after a similar chase in Atlanta, and 288 grams of cocaine were dropped by him and recovered.

Anderson denied having the cocaine in his possession or throwing it down. He testified he had recorded a conversation with a police informant, in which the informant told him he had been offered money by Gibson to plant drugs in Anderson's car. Those tapes had been turned over to the GBI and the FBI. Anderson testified he was nervous about turning over the tapes, and he fled when Gibson began following him because he thought that Gibson was out to get him as a result of the tapes.

1. Anderson contends the trial court erred in denying his motion for a directed verdict, because the evidence was insufficient to authorize his conviction for possessing cocaine with intent to distribute. We agree.

A directed verdict of acquittal is authorized when there is no conflict in the evidence and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of acquittal as to the entire offense or to some particular count. OCGA § 17-9-1 (a). The intent to distribute may be proved by circumstantial evidence. *Horton v. State*, 194 Ga. App. 797, 798 (1) (a) (392 SE2d 259) (1990). Mere possession of contraband, without more, however, is an insufficient basis for a conviction for possessing contraband for purposes of sale. *Wright v. State*, 154 Ga. App. 400, 401-402 (1) (268 SE2d 378) (1980).

No bright line rule exists regarding the quantum or type of evidence sufficient to support a conviction for possession of controlled substances with intent to distribute. See generally *James v. State*, 214 Ga. App. 763 (449 SE2d 126) (1994). Our review of relevant decisions reveals that this court has affirmed convictions for possession with intent to distribute when evidence was presented that drug measuring or weighing paraphernalia were also found (*Wright*, supra); that the packaging of the contraband supported an inference of intention to distribute (*Womble v. State*, 203 Ga. App. 107 (416 SE2d 148) (1992); *Williams v. State*, 199 Ga. App. 544 (405 SE2d 539) (1991)); that the amounts or denominations of currency found in the suspect's or a companion's possession suggested they had been engaged in distribution (*Womble*, supra; *Sams v. State*, 197 Ga. App. 201 (397 SE2d 751) (1990)); that in the opinion of experts, the amount of cocaine found was greater than that usually carried for personal use and therefore indicative of intent to distribute (*Palmer v. State*, 210 Ga. App. 717, 718 (437 SE2d 490) (1993); *Bean v. State*, 204 Ga. App. 242, 243 (2) (418 SE2d 798) (1992); *Davis v. State*, 200 Ga. App. 44, 45-46 (2) (406 SE2d 555) (1991)); or that the accused was engaging in suspi-

cious activity in close proximity to a "crack house" (*Horton*, supra).

Here, none of these factors was present. Although the jury was clearly authorized to believe the officers' testimony that Anderson dropped the cocaine, that evidence was sufficient to support a verdict of guilty only of possessing that cocaine. No currency was found; the contraband was not packaged in smaller baggies; no drug paraphernalia were found; no nearby "crack house" was identified; and no testimony was offered regarding whether the amount with which Anderson was charged with possessing was indicative of intent to distribute. The only evidence even suggesting an intent to distribute was the similar transaction evidence.

The details of the chase and capture of Anderson in Atlanta did resemble those in the Dalton incident, although the amount involved in the Atlanta "similar transaction" was over 200 times greater than that in the Dalton incident. Even assuming, however, that proof of the Atlanta offense "tends to establish" the Dalton offense, *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649) (1991), we cannot say that this circumstantial evidence was sufficient to authorize Anderson's conviction of possession with intent to distribute on this occasion. See *Griffin v. State*, 212 Ga. App. 411, 412 (441 SE2d 897) (1994).

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The jury clearly was not authorized to infer from the similar transaction evidence alone that the only reasonable inference permissible from Anderson's possession of approximately two grams of cocaine was that he intended to distribute that contraband. There being no other evidence in the record to support his conviction, it must be vacated. *James*, supra. Since the evidence was sufficient, however, to support Anderson's conviction for possession of cocaine, the case is remanded with direction that a conviction and sentence be entered for that offense. *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989).

2. Our holding in Division 1 renders moot Anderson's other enumerations of error.

*Judgment vacated and case remanded with direction. Pope, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 5, 1994 —

*Mitchell, Coppedge, Wester, Bisson & Miller, E. Neil Wester III,* for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, As-*

*sistant District Attorney*, for appellee.