## A97A0217. ANDERSON v. THE STATE.
(484 SE2d 783)

Judge Harold R. Banke.

A jury found Reginald Anderson guilty of possession of cocaine with intent to distribute and acquitted him of possession of marijuana. Anderson received a life sentence. Following the denial of his motion for new trial, Anderson appeals.

On appeal, the evidence must be viewed in a light most favorable to the verdict. *Cline v. State*, 221 Ga. App. 175 (471 SE2d 24) (1996). Viewed in that light, the State's evidence showed the following. Based on confidential information, police set up surveillance in a parking lot and awaited the arrival of two suspects in a rust-colored Buick, expected to deliver some cocaine there. After the described vehicle proceeded through the parking lot without stopping, Officer Graham Stacy pursued it in a marked patrol vehicle.[1] Despite Stacy's activation of both his siren and blue lights, Anderson attempted to elude, running several stop signs and a red light. At an intersection, Stacy observed a package appear to come from the vehicle. Stacy was unable to discern from which side of the vehicle the drugs were tossed. Stacy radioed the location to fellow officers and continued to chase Anderson, increasing his speed to 75 to 80 mph.

After finally stopping Anderson and his passenger, Stacy went back to assist with locating the drugs. Police discovered a knotted, clear plastic bag containing three grams of cocaine and a separate bag of marijuana, containing less than one ounce. When police searched Anderson's passenger, co-defendant Kirby Taylor, they found almost $600 in cash. Both Anderson and Taylor were indicted for possession of cocaine with intent to distribute and possession of marijuana.

Anderson pleaded guilty to numerous traffic offenses, including failing to stop at three stop signs, running a red light, attempting to elude, reckless driving, and driving with a suspended license. Without objection, the State presented testimony depicting the details of Anderson's prior conviction for possession of cocaine with intent to distribute. *Held*:

In his sole enumeration of error, Anderson contends that the evidence was not sufficient to authorize a conviction for possession of

---

[1] The record does not show that Anderson challenged the propriety of Stacy's pursuit.

cocaine with intent to distribute within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). To support a conviction for possession of cocaine with intent to distribute, the State must prove more than mere possession. *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539) (1991). Where a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except guilt. OCGA § 24-4-6.

The State's evidence showed that after Anderson drove through a parking lot without stopping, he attempted to avoid interception. His efforts to elude capture arguably provided circumstantial evidence of guilt. *Renner v. State*, 260 Ga. 515, 518 (3) (b) (397 SE2d 683) (1990); *Reddin v. State*, 223 Ga. App. 148, 150 (1) (476 SE2d 882) (1996). However, this circumstantial evidence of guilt is equally consistent with a theory that Anderson attempted to evade the police because he was in possession of illegal drugs or because his license was suspended.

Officer David Wood, who was not admitted as an expert on drug transactions, could not state that the three-gram amount of cocaine proved distribution. In fact, Wood testified that the small amount was consistent with both a user quantity and distribution quantity.[2] See *Stephens v. State*, 219 Ga. App. 881, 883 (1) (467 SE2d 201) (1996) (physical precedent only) (unqualified testimony by officer not tendered as expert was not competent evidence on intent to distribute). Later, over objection, Woods testified that it was his belief that the three grams indicated distribution when coupled with the amount of cash on Anderson's co-defendant and the aborted drug transaction. See *Davis v. State*, 209 Ga. App. 572, 573 (2) (434 SE2d 132) (1993) (conviction reversed because officer who testified not qualified as expert and State failed to lay sufficient foundation qualifying him).

Further, we note that the purportedly similar transaction was significantly dissimilar. In the earlier case, Anderson was found in possession of rock cocaine, unlike the powder here. The rocks were packaged in nine separate baggies concealed on Anderson's person, unlike the single package of powder here. Anderson had nearly $400 cash on his person, whereas here he had none. We question whether such dissimilar facts could provide probative evidence of intent to distribute in this case.

No one testified that they observed Anderson distributing drugs. The State offered no testimony from its alleged informant or any evidence that a buyer was ready and waiting in the parking lot. The anticipated drug deal never took place. See *James v. State*, 214 Ga.

---

[2] The trial court charged the jury on expert witnesses.

App. 763, 764 (1) (449 SE2d 126) (1994). Nor was any drug-related paraphernalia, such as scales, glassine packages, cocaine-tainted spoons, or the division of cocaine into multiple packets, recovered and offered into evidence. Compare *Holbrook v. State*, 177 Ga. App. 318, 321 (2) (339 SE2d 346) (1985).

The State's scant circumstantial evidence was not sufficient to exclude every reasonable hypothesis except Anderson's guilt, such as the single packet of powder being for the personal use of Anderson or his co-defendant. OCGA § 24-4-6. See *Brown v. State*, 260 Ga. 153, 155 (1) (391 SE2d 108) (1990). Although without question the evidence was sufficient to prove possession, the State failed to offer any direct evidence of Anderson's intent to distribute. Even the State's nontendered expert was ambivalent as to whether the small quantity indicated distribution or personal consumption.

Notwithstanding the dearth of evidence as to the essential element of intent to distribute, the jury was not afforded the option of convicting Anderson on the lesser included offense of possession of cocaine. The jury clearly was not authorized to infer from the similar transaction evidence alone that the only reasonable inference permissible from Anderson's possession was that he intended to distribute the contraband. See *Anderson v. State*, 215 Ga. App. 426, 428 (1) (451 SE2d 103) (1994) (physical precedent only). Because the evidence of intent to distribute is so meager, we reverse. OCGA § 16-13-30. *Dyer v. State*, 218 Ga. App. 879, 880 (1) (463 SE2d 718) (1995). Inasmuch as the evidence was sufficient to support Anderson's conviction for possession of cocaine, we remand with direction that a conviction and sentence be entered for that offense. *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989).

*Judgment vacated and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 26, 1997.

*Mark T. Phillips*, for appellant.
*Britt R. Priddy, District Attorney, Tracia M. King, Assistant District Attorney*, for appellee.