## A99A1002. KING v. THE STATE.
(519 SE2d 500)

BLACKBURN, Presiding Judge.

Stanley King appeals his conviction of possession of marijuana with intent to distribute (OCGA § 16-13-30) following a jury trial. King contends that: (1) the evidence does not support the verdict; (2) the trial court erred by denying his motion for directed verdict; (3) the trial court erred by admitting similar transaction evidence; (4) the trial court erred by denying his motion for a continuance where his legal counsel of choice was unavailable for trial, and (5) that he received ineffective assistance of counsel. For the reasons set forth below, we affirm in part and remand the case to the trial court.

1. In his first enumeration of error, King challenges the sufficiency of the evidence supporting the verdict. In his second enumeration of error, King contends the trial court erred by denying his motion for directed verdict. Since the same standard of review applies to these enumerations, we will consider them together.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [King] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

(Citations and punctuation omitted.) *Lester v. State,* 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that the Cherokee County Multi-Agency Narcotics Squad ("C-MANS") learned that Federal Express had a package containing almost 35 pounds of marijuana which was to be delivered to Annette Smith, King's sister. Karen Eberhardy, a C-MANS agent disguised as a Federal Express employee, delivered the package to the address on the box. Eberhardy was accompanied in the van by Agent Broadus Ledford. When Eberhardy arrived at the residence, King greeted her and

called for Smith. After Smith signed for the package, Ledford saw King pick up the package and take it inside the residence.

Meanwhile, C-MANS Agent Britt Massey was observing the delivery from a vantage point on a ridge not far from the residence. As the van was leaving, Massey saw King point at the undercover agents' cars on the ridge. Massey decided the agents should go to the residence, whereupon Massey lost sight of King. As the agents pulled into the driveway, Massey saw King run back toward the residence a distance of 30 to 35 yards. Upon securing the residence, the package which had just been delivered was nowhere to be found. However, King's niece, who lived in the residence, said that King had run outside with it. The package was found about 40 yards from the house, in the direction from which King was seen running. In a car parked in front of the residence, C-MANS agents found, next to some buds of marijuana, a small red book with King's name on it. The book contained a list of initials with numbers beside them.

At trial, an agent testified that marijuana for personal use was typically sold in ounce to quarter-pound quantities and that larger quantities of marijuana suggested that someone was dealing marijuana. He further testified as to the price of a quarter-ounce and half-ounce of marijuana. The State also introduced evidence of King's prior conviction of the sale of methamphetamine.

To support a conviction of possession of a controlled substance with intent to distribute, the State must prove possession and link that possession to the enterprise of the sale. *Bethea v. State*, 220 Ga. App. 800 (470 SE2d 328) (1996). In this case, the jury was authorized to find that King possessed the marijuana from King's hiding of the package, which was recently delivered and yet unopened. In addition, the large quantity of contraband, King's red book, the testimony regarding the price of small quantities of marijuana and King's prior conviction gave rise to the reasonable inference that King intended to sell the marijuana. This evidence, although circumstantial, was sufficient for a rational trier to find King guilty beyond a reasonable doubt of the crime of possession with intent to distribute. *Jackson*, supra.

2. In his third enumeration of error, King contends that the trial court erred by admitting into evidence his convictions of violations of the Georgia Controlled Substances Act (for the sale of methamphetamine) in 1984, arguing that the transactions were not similar and too remote since they occurred almost ten years prior. However, King has not cited to any portion of the appellate record showing how this enumeration was preserved for appellate review. Furthermore, our review of the transcript shows that King did not object to the introduction of the evidence at trial. As this issue was not preserved for appeal, the error is waived and we will not consider it. *Sapeu v. State*,

222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996); Court of Appeals Rule 27 (c).

3. In his fourth enumeration of error, King contends that the trial court should have continued the trial because his counsel of choice was unavailable due to a trial in another court which had lasted longer than expected. King moved for a continuance after the jury was selected because he wanted Bruce Harvey to try the case, rather than two other attorneys from that firm. The denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed in the absence of a manifest abuse of discretion. *Stephens v. State*, 208 Ga. App. 620 (431 SE2d 422) (1993); *Blair v. State*, 166 Ga. App. 434 (304 SE2d 535) (1983).

Motions for a continuance based on the absence of counsel are governed by OCGA § 17-8-24:

> The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only.

The movant must strictly comply with these statutory requirements, as a continuance on this ground is not favored. *Blair*, supra.

In this case, the trial court determined that, although King did not believe he could go forward safely without Harvey, there was no assurance that Harvey would be present at the next term to try the case. Questions existed regarding both Harvey's availability for the next term and whether he had been fully retained to try the case. King had not paid Harvey in full, and there was evidence that Harvey would withdraw if his fee was not fully paid. Under these circumstances, it was not an abuse of discretion to deny the motion.

4. Finally, King contends, for the first time, that he was denied effective assistance of counsel. Since a motion for new trial was not filed and King's appellate counsel was retained after notice of appeal had been filed with this Court, this appeal was King's first opportunity to assert ineffective assistance of counsel. Thus, the issue was properly raised for the first time on appeal. See *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998). Accordingly, we remand the case to the trial court for a hearing on this issue alone, with the right to appeal the trial court's ruling. Id.

*Judgment affirmed in part and remanded. Barnes, J., and Senior*

*Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 16, 1999.

*William A. Jordan,* for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellee.