## A00A0965. CLARK v. THE STATE.
### (537 SE2d 742)

JOHNSON, Chief Judge.

After a bench trial, Kenneth Roy Clark was convicted of possession of marijuana with intent to distribute[1] and possession of marijuana with intent to distribute within 1,000 feet of a public housing project.[2] He challenges the sufficiency of the evidence supporting both convictions, arguing that the state failed to prove that he intended to distribute the marijuana. Having carefully considered the evidence presented at trial, we agree that the evidence was legally insufficient. Therefore, we reverse the judgment of conviction as to possession with intent to distribute marijuana, remand the case and direct the trial court to enter a judgment of conviction on simple possession of marijuana under OCGA § 16-13-30 (j), and reverse the conviction as to possession with intent to distribute within 1,000 feet of a housing project.[3]

On appeal, this Court views the evidence in a light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard set forth in *Jackson v. Virginia.*[4]

In this case, a police officer was on patrol at 2:00 a.m. when she noticed Clark's van parked behind a closed restaurant. The officer and her partner parked behind the van and approached it on foot. She walked to the passenger's side and shined a flashlight into the van. Clark was sitting in the driver's seat, a second person was in the passenger's seat, and two other people were in the back of the van. The officer noticed that Clark had a plastic bag on his lap that he was trying to shove into the area between the console and the driver's seat. She also noticed a cigar on the dashboard. The cigar had been cut open and the tobacco removed. According to the officer, that was "consistent with people getting ready to replace the tobacco with marijuana, [to] make a joint." As the officers were questioning and attempting to detain Clark and the person in the front passenger's

---

[1] OCGA § 16-13-30 (j).
[2] OCGA § 16-13-32.5 (b).
[3] Id.
[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Vickers v. State*, 241 Ga. App. 452, 453 (527 SE2d 217) (1999).

seat, one of the van's passengers opened a door and fled.

Police searched the van and found a plastic sandwich bag containing marijuana on the front passenger's seat. A passenger had been sitting on the bag. They found another plastic bag containing marijuana between the driver's seat and the console, a plastic bag containing marijuana between the rear seat and the side of the van where one of the passengers had been sitting, five plastic bags of marijuana inside the open console between the driver's and passenger's seats, and a cigarette roller and cigarette papers in the rear of the van where the passenger who fled had been sitting. The five sandwich-size bags found inside the console were "quarter bags"; the evidence shows that "quarter bags" are those which are one-quarter filled with marijuana. There was no testimony as to the amounts of marijuana contained in the other three bags. When asked whether the total amount found appeared to be more or less than an ounce, the officer replied, "I'm not really sure. I didn't weigh it." On cross-examination, the officer was asked if any cash was found on Clark. She replied, "No sir, I didn't pat him down." And when asked if beepers or anything else was found, she responded, "Not that I know of." The officer, who had not been tendered as an expert, added that she decided to arrest Clark for intent to distribute because "five bags of marijuana to me is a little much for personal use." The other officer involved in the arrest did not testify at trial, nor did any of the other passengers.

To support a conviction for possession with intent to distribute, the state must prove more than mere possession.[5] Where, as here, a conviction hinges on circumstantial evidence, the evidence must exclude every reasonable hypothesis except that of guilt.[6] Although the evidence here was sufficient to prove possession, and Clark does not dispute that it was, the state failed to produce evidence excluding the reasonable hypothesis that Clark and his companions purchased the marijuana for their own use.

Police found eight sandwich bags containing marijuana in a van occupied by four people; six of the bags weighed a combined total of 1.1 ounces, and the weight of the other bags is unknown. Passengers were sitting on or next to several of the bags. The officer's opinion that the quantity of drugs recovered seemed to be "a little much for personal use" is entirely consistent with Clark's testimony that the person who fled was selling the drugs to him and his friends and with the reasonable theory that the van's occupants intended to keep the marijuana for their own personal use. The fact that the marijuana

---

[5] *Anderson v. State*, 225 Ga. App. 727, 728 (484 SE2d 783) (1997).
[6] *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997).

was divided into separate sandwich-size bags is also consistent with the theory that the man who fled had so packaged the marijuana, and then sold or was in the process of selling the drugs to Clark and his passengers for their own use.

We point out that the state produced no evidence that Clark had scales, guns, cash, drug packaging materials, or a large quantity of marijuana.[7] Nor did the state introduce any evidence of prior drug sales by Clark or any testimony that Clark was observed selling or attempting to sell drugs in this case.[8] This case, in which four people were in possession of eight sandwich-size bags of marijuana, is clearly distinguishable from those cases in which one person alone possesses many individual packages or a large quantity of drugs. And this case is different from those in which the types and quantities of drug paraphernalia found suggest that the possessor intends to distribute rather than use the drugs.[9] From the evidence presented, the trial court was not authorized to find beyond a reasonable doubt that Clark intended to distribute the drugs.[10] Indeed, we note that in reaching its decision following the bench trial, the trial court expressed concerns about whether the state had proved the intent to distribute element of the crimes.

Because the state failed to prove Clark intended to distribute the marijuana, we reverse the conviction entered on the possession with intent to distribute charge brought under OCGA § 16-13-30 (j).[11]

Inasmuch as the evidence was sufficient to support a conviction for the lesser included offense of simple possession,[12] we remand the

---

[7] See, e.g., *Ward v. State*, 195 Ga. App. 166, 168 (3) (393 SE2d 21) (1990) (evidence sufficient considering large amount of drug paraphernalia, including scales, 50 grams of individually packaged marijuana, guns, and $1,724); *Allen v. State*, 191 Ga. App. 623 (382 SE2d 690) (1989) (intent to distribute proven where car occupied by two people contained four pounds of marijuana, nine grams of crack cocaine, a handgun, and drug paraphernalia); *Holbrook v. State*, 177 Ga. App. 318, 321 (2) (339 SE2d 346) (1985) (distribution finding authorized where search revealed ten grams of cocaine, two chunks of hashish, four spoons with white powder residue, one pound of hashish, a container of marijuana, rolling papers, a cocaine analysis field kit, and $10,750 in cash); *Allen v. State*, 158 Ga. App. 691, 692 (2) (282 SE2d 126) (1981) (eight pounds of marijuana along with the scales upon which the marijuana was found authorized finding of intent to distribute).

[8] Compare *King v. State*, 238 Ga. App. 575, 576 (1) (519 SE2d 500) (1999) (evidence sufficient where defendant had prior drug sale conviction, expert testified that marijuana is typically sold in amounts of one to four ounces for personal use, and police recovered thirty-five pounds of marijuana and a book containing a list of initials and numbers).

[9] See, e.g., *Holbrook*, supra (paraphernalia included cocaine field-testing kit, cocaine-tainted spoons, rolling papers "and related drug paraphernalia").

[10] See *Anderson v. State*, 215 Ga. App. 426, 427-428 (1) (451 SE2d 103) (1994) (physical precedent only); *James v. State*, 214 Ga. App. 763, 764-765 (1) (449 SE2d 126) (1994).

[11] *Anderson*, 225 Ga. App. at 729; *Dyer v. State*, 218 Ga. App. 879, 880 (1) (463 SE2d 718) (1995).

[12] See *Smiley v. State*, 241 Ga. App. 712, 713 (527 SE2d 585) (2000) (simple possession is lesser included offense of possession with intent to distribute).

case with direction that conviction be entered on that offense and Clark be sentenced accordingly.[13] Because the evidence indicates that the marijuana weighed more than an ounce, conviction of felony, versus misdemeanor, possession is authorized.[14] Accordingly, the trial court is directed on remand to enter a conviction for felony possession under OCGA § 16-13-30 (j), inasmuch as it is authorized by the record.

At the same time, because OCGA § 16-13-32.5 (b) does not designate simple *possession* of marijuana within 1,000 feet of a housing project as a prohibited act, no conviction is authorized under that statute. Thus, the conviction based on that statute must be reversed.

*Judgments reversed and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 21, 2000.

*Thomas J. Gustinella,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney,* for appellee.

---

[13] *Anderson,* 225 Ga. App. at 729; *Hogan v. State,* 193 Ga. App. 543 (1) (388 SE2d 532) (1989).

[14] See OCGA § 16-13-2 (b), providing that possession of less than one ounce of marijuana is a misdemeanor. Although there is no testimony indicating the total weight of the marijuana, defense counsel stipulated to the admission into evidence of a Georgia Bureau of Investigation lab report showing that the total weight of six of the eight marijuana-filled bags was 1.1 ounces. Defense counsel stipulated to the report's admission after the trial court opined that the weight issue might be relevant to the court's consideration of lesser included offenses.