## A04A2376. MARSHALL v. THE STATE.
### (607 SE2d 258)

MILLER, Judge.

Cerrone Marshall appeals from a conviction for marijuana possession with intent to distribute on the ground that the evidence was insufficient. We disagree and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Marshall was riding in a car with an expired registration decal when the police stopped it. The driver was arrested for possession of a stolen decal. During an inventory search of the car, police found a loaded gun inside a tennis shoe in the trunk. They then patted down the other passengers for weapons. As Marshall was searched, one or two small and transparent bags of green, leafy material fell out of his pant leg and into the street. Eight such bags, each containing approximately half-a-gram of marijuana, were eventually found on Marshall. Two experienced officers involved in Marshall's arrest testified that the packaging of the marijuana was consistent with preparing it for sale as opposed to personal use. At a bench trial, Marshall was found guilty and was sentenced to five years, one to serve and the balance on probation. On appeal, Marshall argues only that the evidence was insufficient to support his conviction for possession with intent to distribute.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As Marshall concedes, the officers' testimony concerning their training and experience in drug cases laid a proper foundation for their opinion testimony that the packaging of the marijuana was consistent with distribution. See *McDaniel v. State*, 263 Ga. App. 625, 629 (2) (588 SE2d 812) (2003); see also *Kimbrough v. State*, 215 Ga.

App. 303 (1) (450 SE2d 457) (1994). That opinion testimony provided sufficient evidence of Marshall's possession of marijuana with the requisite intent. See OCGA § 16-13-30 (j) (1); *Taylor v. State*, 260 Ga. App. 890 (1) (a) (581 SE2d 386) (2003) (police testimony regarding 6.6 grams of marijuana packaged in three of ten small plastic bags sufficed to prove intent to distribute).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*


DECIDED NOVEMBER 29, 2004.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.