## A05A1587. RYAN v. THE STATE.
(627 SE2d 128)

ADAMS, Judge.

Frank Ivan Ryan appeals following his conviction by a jury of a number of criminal charges including possession with intent to distribute methamphetamine and marijuana, fleeing to elude a police officer, possession of tools used in the commission of a crime, possession of methamphetamine and marijuana, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon.

Viewed in the light most favorable to support the verdict, the evidence shows that on April 17, 2003, Deputy Brian Dyer of the Whitfield County Sheriff's Department saw Ryan at a gas station at the junction of Highway 52 and Cedar Ridge Road in Whitfield County. He watched Ryan get into a red Chrysler convertible and the two made eye contact. As the deputy drove toward Ryan's car, Ryan drove off. The officer knew that Ryan's driver's license was suspended, so he followed. Deputy Dyer activated his emergency equipment in an attempt to initiate a traffic stop, but Ryan accelerated in response. As the deputy continued his pursuit, he observed that Ryan accelerated to speeds in excess of 30 mph over the speed limit. The speed limit in the area was 55 mph and the deputy testified that before he entered Murray County he glanced down and saw that he was driving 85 mph, while Ryan continued to accelerate. The pursuit continued for one and one-half to two miles, with Ryan in the deputy's line of sight the whole time, before Ryan pulled off the road and drove behind a house in Murray County.

Deputy Dyer saw Ryan exit his car and drop what appeared to be a dark-colored or black bag. The deputy saw Ryan return for the bag and then run away, toward a trailer in the woods. Deputy Dyer exited his vehicle and followed Ryan on foot. He located Ryan in a storage shed behind the trailer. A second officer arrived and Ryan was placed under arrest. Afterward, the officers recovered a dark-colored bag from the storage shed. Deputy Dyer confirmed that it was the same bag he had seen Ryan drop by his car, which he returned to retrieve.

Inside the bag, the officers found a .380 semiautomatic firearm, a magazine and bullets. The bag also contained a pocketknife; plastic bags; lighter torches; a digital scale with a white powder residue; a glass marijuana smoking pipe with residue; rolling papers; plant material later identified as marijuana; and a glass smoking implement used to smoke substances such as crack cocaine or crystal methamphetamine, which contained a white powder residue. The white powdery substance found in the pipe was later identified as methamphetamine. Deputy Dyer, who was qualified as an expert in the area of drug paraphernalia, testified that the plastic bags and

numerous torches, as well as the digital scales with the powdery residue were items commonly used in the distribution of drugs.

Also inside the bag were two sheets of paper, one of which contained a list of individual names with corresponding dollar amounts. Deputy Dyer testified that based upon his experience these sheets appeared to be pay sheets listing people to whom Ryan owed money or who owed him money in connection with drug sales and purchases. A second officer, Dalton Police Officer Scott McAllister, concurred that the sheets were indicative of drug sales, as did a third officer, Wayne Saylors of the Whitfield County Sheriff's Office.[1]

The state also introduced similar transaction evidence involving three prior drug-related incidents. In the first instance, Officer Saylors testified that on November 11, 1993, during a consensual search of Ryan's home, he located a small amount of marijuana, hand scales and hemostats. Ryan pled guilty to one count of possession of less than one ounce of marijuana in connection with that incident. Officer McAllister testified that on March 28, 2000, he assisted in a separate investigation of Ryan that included a search of Ryan's vehicle. During that investigation, officers recovered 12 plastic bag corners containing a substance identified as methamphetamine. Ryan subsequently pled guilty to a charge of possession of methamphetamine with the intent to distribute and possession of less than one ounce of marijuana.

In the third incident, Officer Tim Gilbreath of the Georgia Department of Natural Resources testified that on May 28, 2000, while conducting a road safety check, he encountered Ryan, who was driving a red van. When Ryan exited the van at Officer Gilbreath's request, the officer detected the odor of marijuana. Officer Gilbreath asked Ryan if he had any contraband or firearms, and Ryan handed him a folded hat containing a bag of marijuana. Ryan then consented to a search of his van, during which officers found a fanny pack containing electronic scales, a gas torch, rolling papers, a spoon and a plastic bag containing less than one gram of methamphetamine. Following that search, and after the officers advised him of his *Miranda* rights, Ryan signed a written statement in which he admitted that the drugs and the other items belonged to him. Any charges against Ryan arising out of this incident were still pending at the time of trial.

1. Ryan argues that the trial court erred in admitting evidence of these prior incidents because they were too remote in time and not sufficiently similar to the charges in this case.

---

[1] Both officers were also qualified as experts before giving this testimony.

It appears, however, that Ryan did not properly object to the introduction of this evidence at trial.[2] To the extent that Ryan failed to raise a valid trial objection, he has waived appellate review of this issue. *Chastain v. State*, 239 Ga. App. 602, 605 (2) (521 SE2d 657) (1999).

But even if Ryan had properly objected, we find no abuse of discretion in the admission of this evidence. Similar transaction evidence is admissible if the state establishes (1) a proper purpose for admitting the transaction; (2) that the accused committed the separate offense; and (3) a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 273 Ga. App. 213, 216 (2) (614 SE2d 834) (2005). Moreover, the state does not have to establish that the prior offense is identical in every respect to the charged offense, but must show only a sufficient connection between the two. *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999). In weighing whether prior transactions are admissible, courts focus on the similarities between the incidents, rather than their differences. *Houston v. State*, 270 Ga. App. 456, 458 (606 SE2d 883) (2004).

Each of the prior incidents involved possession of either marijuana or both marijuana and methamphetamine, the two drugs at issue in this case. And in two of the incidents, Ryan was also found to be in possession of drug-related paraphernalia, similar to that found in this case. Given the similarities of the prior incidents to the current charges, we find no error in the admission of this evidence. See *Gaston v. State*, 257 Ga. App. 480, 485 (4) (571 SE2d 477) (2002). See also *Tanner v. State*, 243 Ga. App. 640, 643 (533 SE2d 794) (2000) (lapse of ten years does not automatically invalidate similarity between two incidents of drug possession).

2. Ryan further asserts that his convictions on the numerous drug, firearm and tool-related possession charges should be reversed because the evidence was insufficient to establish that he possessed the items found in the black bag. Although Deputy Dyer testified he saw Ryan drop the bag as he exited his car and it was later found in the storage shed where he was hiding, Ryan argues that the evidence showed that Dyer did not have a clear view of Ryan as he exited his car. Moreover, Dyer testified that he did not notice the bag when he arrested Ryan. But "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the

---

[2] After the court admitted Ryan's statement from the May 28, 2000 incident, his attorney attempted to state a general objection to the admission of "any exhibits tendered on the motion for similar transaction" and attempted to "renew" his objection from the prior motion hearing on the evidence. The trial court overruled the objection, noting that such an objection should be made prior to the time an exhibit is admitted, rather than after.

factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict." (Punctuation and footnote omitted.) *Anthony v. State*, 275 Ga. App. 274, 275 (1) (620 SE2d 491) (2005). We find no ground for reversal on this enumeration.

3. Ryan also contends that the evidence was insufficient to support his conviction on the charges of possession with intent to distribute. He argues that the evidence was insufficient to show that he possessed anything other than marijuana seeds, and the only substance identified as methamphetamine at trial was the residue from the smoking pipe. Ryan contends that this evidence suggests that he possessed this contraband for his personal use, rather than for distribution. And he argues that the items identified by the officers as typically used in the distribution of illegal drugs were not connected with the distribution of either the marijuana seeds or the pipe residue. He notes, for example, that although the digital scales also had a white powdery residue, the material was never identified as methamphetamine.

"To support a conviction for possession with intent to distribute, OCGA § 16-13-30 (b), the state is required to prove more than mere possession." (Punctuation and footnote omitted.) *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005). Rather, the state must demonstrate the contraband in the defendant's possession was intended for sale. And the prosecution may show such intent in a number of ways, including "the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citation and punctuation omitted.) *Talbot v. State*, 261 Ga. App. 12, 13 (1) (581 SE2d 669) (2003).

At trial, the state introduced a plastic bag of the plant material found in the black bag. Deputy Dyer initially identified this material as "marijuana seeds," but later stated that it appeared to be marijuana and smelled like marijuana. A Whitfield County sheriff's employee testified that after weighing the material and performing several tests, she determined that the plastic bag contained 2.3 grams of marijuana. The state also introduced evidence that the white powdery residue found in the smoking pipe tested positive for methamphetamine. Because it was mere residue, however, the weight was not measured.

While this evidence supported Ryan's conviction for simple possession, we agree with Ryan that the evidence was insufficient to support his convictions for possession with intent to distribute. We

find that the state did not prove that Ryan possessed this contraband with the intent to distribute it. The state failed to present any evidence to show that the possession of 2.3 grams of marijuana was an amount suggestive of drug sales, rather than an amount an individual might possess for his own personal use. Similarly, there was no testimony that methamphetamine residue found in a smoking pipe is indicative of drug sales. Certainly, a visual inspection of the amount of marijuana and methamphetamine at issue in this case would not alone compel a jury to conclude that Ryan intended to sell this contraband, rather than use it for himself.

The state argues, however, that other evidence supported Ryan's conviction on this count including the drug paraphernalia, the pay sheets and Ryan's prior drug convictions. Although this evidence certainly may be relevant to the issue, it is insufficient to support Ryan's convictions for possession with intent to distribute without evidence that he actually possessed marijuana or methamphetamine in quantities typical or suggestive of drug sales or evidence that the amounts in his possession could be sold. There was no evidence, for example, that an illegal market exists for the sale of methamphetamine pipe residue.

Accordingly, Ryan's convictions for possession of marijuana with intent to distribute and possession of methamphetamine with intent to distribute (Counts 1 and 2) are reversed.

4. Ryan also asserts that the evidence was insufficient to establish that the Superior Court of Whitfield County had venue in this matter. He argues that although Ryan first spotted him in Whitfield County, he traveled only about one and one-half to two miles before they entered Murray County, and thus the evidence was insufficient to show commission of a crime in Whitfield County. We disagree.

Venue may be established by either direct or circumstantial evidence. *Ward v. State*, 270 Ga. App. 427, 428 (606 SE2d 877) (2004). Here, the evidence showed that Deputy Dyer began his chase of Ryan in Whitfield County, where Ryan actively eluded him, refusing to respond to the deputy's efforts to initiate a traffic stop while still in that county. When the car finally stopped in Murray County, the deputy saw Ryan exit his vehicle and drop the black bag containing the items that supported his conviction on the remaining charges. Deputy Dyer testified that he kept Ryan in his sight during the entire chase and there was no evidence that Ryan stopped at any time during the chase. Accordingly, the jury was entitled to conclude that he possessed the bag and its contents while still in Whitfield County. Cf. *Mullinax v. State*, 227 Ga. App. 670, 671-673 (1) (490 SE2d 201) (1997). Indeed, the jury could have found that it was the possession of such items that prompted Ryan to attempt to elude the deputy.

Accordingly, we find that the evidence was sufficient to support a finding of venue in Whitfield County.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 6, 2006.

*Avrett, Ponder & Whitrock, William B. Barnwell*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.