A06A0886. FLORENCE v. THE STATE.
(637 SE2d 779)

PHIPPS, Judge.

A jury found Reno Florence guilty of possession of cocaine with intent to distribute. He appeals, arguing — among other things — that the evidence was insufficient to show that he intended to distribute the cocaine. We agree. Accordingly, we reverse his conviction, remand the case, and direct the trial court to enter a judgment of conviction on the charge of possession of cocaine.

"On appeal from a criminal conviction, a defendant no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to support the jury's verdict."[1] Viewed in this light, the evidence showed that on May 24, 2004, Coweta County Sheriff's Office Deputies Robert Walters and Anthony Hill learned of a "lookout" for a six-foot tall, dark-skinned male with short hair and a short goatee who had outstanding felony warrants. Later that day, the deputies were parked in separate patrol cars in a high-crime area when they saw a man fitting the description drive by in a silver car. Walters turned on his blue lights and followed the car, but it sped up and ran a stop sign. As the car made a turn, Walters saw a "small piece of paper kind of balled up" about the size of a ping pong ball fly out of the passenger-side window. Eventually the car stopped and Walters and Hill arrested the driver, Florence.

---

[1] *Barrow v. State*, 269 Ga. App. 635 (605 SE2d 67) (2004) (footnote omitted).

Walters told Hill that he thought he had seen an object fly from Florence's car, and Hill went to look in the area Walters specified. After looking for "maybe half a minute" near a guard rail a few feet from the road, Hill found a clear baggie containing approximately 2.11 grams of a hard, rock-like substance that later testified positive for cocaine. Walters asked Florence why he had fled, and Florence said that he did not have a driver's license. He denied throwing anything from the window of the car and claimed that the cocaine was not his.

Walters testified that the area where Hill found the cocaine was known for drug dealing and that he had recovered drugs there before. Walters also testified that Florence was not the man with felony warrants whom the police had been seeking.

Sergeant Mark Fenninger of the Coweta County Sheriff's Office testified that the cocaine that Hill had found appeared to be a crack "cookie," which can be broken into smaller "rocks" and sold on the street in "dime bags" for $10 apiece. According to Fenninger, it would be unusual to find a crack cookie "just laying around in a high drug area," because "crack heads" would likely find it and use it.

1. Florence claims that the evidence was insufficient to support his conviction of possession with the intent to distribute cocaine. In reviewing a challenge to the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

(a) First, Florence argues that there was no evidence that the police had a reasonable suspicion of criminal activity that could justify their chasing and stopping him. But he did not move to suppress or otherwise challenge the validity of the stop in the trial court. Therefore, he has waived that challenge on appeal.[3]

(b) Second, Florence asserts that no rational trier of fact could have concluded that the crack cocaine belonged to him because it "could have just as easily been abandoned by someone in the area seeing the police chase." We disagree. Walters testified that he saw a small object fly out of the passenger-side window of Florence's car during the chase. Hill found a small bag of crack cocaine where Walters said he saw the object fall. This evidence authorized the jury to conclude that the cocaine belonged to Florence.[4] Although Florence

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Evans v. State*, 235 Ga. App. 577, 579 (1) (510 SE2d 313) (1998).

[4] See *Williams v. State*, 210 Ga. App. 437, 438 (1) (436 SE2d 550) (1993); *Merrill v. State*, 130 Ga. App. 745, 755 (8) (204 SE2d 632) (1974).

argues that Walters's testimony about seeing the bag fly from the car was not believable, witness credibility is for the jury to decide.[5]

(c) Finally, Florence argues that even if there was sufficient evidence that the cocaine was his, the evidence showed only possession and did not show an intent to distribute. We agree.

"To support a conviction for possession with intent to distribute, the state must prove more than mere possession."[6] Intent to distribute can be shown in a number of ways,[7] including "expert testimony that the amount of cocaine found was greater than would normally be had for individual use."[8] But when a conviction hinges on circumstantial evidence, as it does here, that evidence must exclude every reasonable hypothesis except that of guilt.[9]

There was no evidence that the police found any paraphernalia associated with drug distribution on Florence's person or in his car — no scales, for example, or cutting implements, baggies, cash, or weapons.[10] Likewise, the state presented no evidence that he had any prior convictions for drug possession with intent to distribute.[11] Instead, the state sought to prove intent to distribute solely through Fenninger's testimony about the amount of cocaine in Florence's possession. That testimony, however, was not sufficient to show such intent.

Fenninger testified that the cocaine in question "look[ed] like" a "cookie" that could have been broken into 30 smaller "rocks" for a total street value of $300. But there was no evidence that the cocaine actually had been divided into rocks, much less that such rocks had been packaged for individual sale. Florence's possession of a single piece of crack cocaine weighing approximately 2.11 grams and worth about $300, standing alone, cannot support his conviction of possession with intent to distribute.[12]

---

[5] *Garey v. State*, 273 Ga. 133, 137 (3) (539 SE2d 123) (2000).

[6] *Clark v. State*, 245 Ga. App. 267, 268 (537 SE2d 742) (2000) (footnote omitted).

[7] See *Ryan v. State*, 277 Ga. App. 490, 493 (3) (627 SE2d 128) (2006).

[8] *Barrow*, supra at 636 (1) (punctuation and footnote omitted).

[9] *Clark*, supra.

[10] Compare, e.g., *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989) (affirming conviction of possession with intent to distribute where police found large quantity of cocaine, plus drug paraphernalia, a large quantity of cash, and marked envelopes).

[11] Compare *Tate v. State*, 230 Ga. App. 186, 187 (1) (b) (495 SE2d 658) (1998) (evidence of prior guilty plea to possession with intent to distribute was proof of intent to distribute in present case).

[12] See *Clark*, supra; *McNair v. State*, 226 Ga. App. 516, 517-518 (1) (487 SE2d 100) (1997); compare *King v. State*, 238 Ga. App. 575, 576 (1) (519 SE2d 500) (1999) (finding sufficient evidence of intent to distribute where police found thirty-five pounds of marijuana and a book listing initials and numbers, expert testified that one to four ounces was typical personal use amount, and defendant had prior drug sale conviction); *Bacon v. State*, 225 Ga. App. 326 (483 SE2d 894) (1997) (affirming conviction of possession with intent to distribute cocaine where

On cross-examination, Fenninger testified as follows:

[DEFENSE COUNSEL:] [I]sn't it true that there's been many occasions where you've arrested somebody who had a cookie and they were using it personally for personal use?
[FENNINGER:] Not a cookie, no, sir.
[DEFENSE COUNSEL:] No?
[FENNINGER:] Not in my experience.
[DEFENSE COUNSEL:] Okay. So every time someone had a certain amount, you would assume that it was — they possessed it with the intent to — other than personal use?
[FENNINGER:] Yes, sir. The way I worked it on the street, me personally, when I present a case to the DA's office, anybody with more than five crack rocks was possession with intent.

This testimony established Fenninger's belief that people do not normally keep crack cookies for their personal use. Fenninger did not testify, however, what a personal use quantity *is*; he said nothing, for example, about a typical crack user's ingestion or purchasing habits. Rather, his testimony showed only that he *assumed* that anyone caught with more than five crack rocks intended to distribute them, and that his *personal practice* was to present such cases to the prosecutor's office as distribution cases. What Fenninger assumed, however, and what he was in the habit of presenting to the district attorney in preparation for the initiation of criminal charges, are not evidence about typical personal use quantities of crack cocaine. Under the circumstances, the evidence was not sufficient to permit a rational trier of fact to exclude the reasonable hypothesis that Florence intended to use the cocaine himself.[13]

Therefore, we reverse the conviction entered on the possession with intent to distribute charge and remand with direction that conviction be entered on the lesser included possession charge and that Florence be sentenced accordingly.[14]

2. Florence raises two other claims of error that relate to the "intent to distribute" element of his conviction. In light of our holding in Division 1 (c), however, we need not address those claims.

---

officers testified that 9.8 grams would be "extremely unusual" for one person to have for personal use and that typical user would purchase only one-half gram at a time).

[13] See *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997); *McNair*, supra; *Anderson v. State*, 225 Ga. App. 727 (484 SE2d 783) (1997).

[14] See *Clark*, supra at 269-270.

*Judgment reversed and case remanded with direction. Ruffin, C. J., Johnson, P. J., and Barnes, J., concur. Andrews, P. J., Smith, P. J., and Bernes, J., dissent.*

SMITH, Presiding Judge, dissenting.

I am in agreement with most of the majority's analysis, including the rejection of Florence's arguments that the stop was unlawful and that the cocaine did not belong to him. I cannot, however, agree with Division (1) (c) of the majority opinion, in which the majority concludes that the evidence was insufficient to prove intent to distribute. I therefore must respectfully dissent.

In finding the evidence insufficient to prove intent to distribute, the majority concedes that Sergeant Fenninger testified that the cocaine "looked like a 'cookie,' " which could have been broken into 30 smaller "rocks" for distribution. The majority finds this insufficient because no evidence was presented showing either that the cocaine had been divided or that it was packaged for sale.

In doing so, the majority gives a strained interpretation to Fenninger's testimony, finding that Fenninger testified only to his assumptions, his beliefs, and his personal practices regarding the amount of cocaine that would signify an intent to distribute. But Fenninger was an experienced officer, whose training gave him a foundation to testify regarding his practices. He had been a law enforcement officer for 18 years and a narcotics officer for 12 of those years. During the majority of those years, 95 percent of his arrests involved cocaine, of which approximately 80 percent involved intent to distribute.

Throughout the course of a rigorous cross-examination, Fenninger steadfastly maintained that in his experience, every single time he had arrested an individual in possession of a cocaine "cookie," that individual was charged with possession with intent to distribute. He also testified clearly that he had never arrested anyone who had a cookie intended for personal use. In my view, the *only* inference that may be drawn from this testimony is that in this officer's considerable experience, the amount of cocaine and its form — i.e., a cookie — in Florence's possession was incompatible with personal use.

The majority is certainly correct that this was an assumption based upon Fenninger's personal training and experience. But a proper foundation was laid for Fenninger's testimony, and "[w]hen a proper foundation has been laid, a police officer may testify about elements of crime with which he is familiar in his experience; we have allowed such evidence concerning drug commerce. [Cit.]" *Kimbrough v. State*, 215 Ga. App. 303 (1) (450 SE2d 457) (1994). An officer's opinion as to whether the amount of contraband found was for distribution or sale has been found repeatedly to be sufficient. See,

e.g., *Marshall v. State*, 270 Ga. App. 663 (607 SE2d 258) (2004); *Livingston v. State*, 221 Ga. App. 630, 631 (1) (472 SE2d 163) (1996). And this is true even in cases where no drug paraphernalia, baggies, or large amounts of cash were also found. See, e.g., *Barrow v. State*, 269 Ga. App. 635, 636 (1) (605 SE2d 67) (2004); *Howard v. State*, 262 Ga. App. 198, 199 (1) (585 SE2d 164) (2003).

Finally, I must disagree with the majority that a conviction in this case "hinges on circumstantial evidence." Deputy Walters testified that he saw a small ball of wadded paper thrown from Florence's car, and Deputy Hill found the cocaine cookie on the ground in the exact area specified by Walters as the place where he saw the object thrown. While the inferences from this evidence were certainly circumstantial, testimony regarding what the officers saw and found was direct evidence. In my view, the evidence was sufficient to authorize the jury to conclude that Florence was guilty of possession of cocaine with intent to distribute. I would affirm his conviction.

I am authorized to state that Presiding Judge Andrews and Judge Bernes join in this dissent.

DECIDED OCTOBER 20, 2006.

*Mark A. Hinds*, for appellant.
*Peter J. Skandalakis, District Attorney, Gerald P. Word, Bruce P. Dutcher, Assistant District Attorneys*, for appellee.