A08A1030. HICKS v. THE STATE.

(668 SE2d 474)

BERNES, Judge.

The jury found Daniel Hicks, Jr., guilty of possession of cocaine with intent to distribute.[1] Hicks appeals, challenging the sufficiency of the evidence. Because the state failed to prove that Hicks intended to distribute the cocaine he possessed, we reverse his conviction, remand the case, and direct the trial court to enter a judgment of conviction on the lesser included offense of possession of cocaine.

Construed in favor of the verdict, the evidence shows that on the night of December 1, 2006, the police were conducting a roadblock and safety checkpoint in Decatur County. The roadblock was clearly visible to approaching cars. Late that night, Hicks was driving in the direction of the roadblock with his girlfriend riding in the front passenger seat. As he neared the roadblock, Hicks suddenly pulled his vehicle into a culvert on the side of the road near the woods and stopped.

A sergeant with the Decatur County Sheriff's Department activated the blue lights on his patrol car and quickly pulled up to Hicks's vehicle. The sergeant was joined by a police investigator, and Hicks and his girlfriend were instructed to get out and stand at the front of the vehicle. Both complied. Hicks, however, appeared extremely nervous and began to pace in circles and fidget with his mouth. He stated that he had pulled off the road because the panel lights on his vehicle were not working, but the sergeant and

---

[1] Hicks does not challenge his conviction on two counts of obstruction of a law enforcement officer.

investigator observed that all of the vehicle's lights appeared to be functioning properly. While the sergeant ran a check on Hicks's driver's license, Hicks consented to a search of the vehicle.

The sergeant proceeded to search the vehicle, where he discovered a pill bottle underneath the front passenger seat. The bottle contained broken up pieces of a white substance that later tested positive as cocaine. The sergeant and investigator attempted to arrest Hicks, but Hicks fled from the scene. Following a foot pursuit, Hicks was apprehended and arrested.

Hicks's girlfriend also was arrested. After she was *Mirandized*, she spoke with the investigator. According to Hicks's girlfriend, Hicks had become nervous upon seeing the roadblock and had quickly pulled the vehicle into the culvert without explanation or warning. The girlfriend stated that Hicks began to dig nervously in his pockets, pulled out the pill bottle, and placed the bottle in her hand. She immediately dropped the pill bottle onto the floor on the passenger side.

Along with the obstruction charges, Hicks was indicted and tried on one count of possession of cocaine with intent to distribute under OCGA § 16-13-30 (b).[2] The sergeant and investigator testified to the events as set out above. The state's forensic chemist positively identified the substance found in the pill bottle as cocaine. The state also relied upon the prior statement of Hicks's girlfriend to the investigator.[3] Finally, as to the issue of Hicks's intent to distribute, the investigator testified:

> It's been my experience that drug dealers will frequently carry their products to sell in quantities easy to sell in something that's easily disposed of. For example, a pill bottle that just can be thrown out a window or a seat, whatever, dropped when the police come.

> Another reason was usually a user will get a product a lot cheaper in one quantity, it being like — I'm not going to say a large chunk of crack cocaine, but one piece of crack cocaine, and this was broken up into individual sale-type pieces.

Hicks contends on appeal that there was insufficient evidence that he intended to distribute the cocaine. In order to obtain a conviction for possession with intent to distribute, the state must

---

[2] At trial, the jury also was charged on the lesser included offense of possession of cocaine.

[3] Hicks's girlfriend testified at trial on behalf of the state but to a version of events that differed from her prior statement to the police.

prove more than mere possession. *Ryan v. State*, 277 Ga. App. 490, 493 (3) (627 SE2d 128) (2006).

> We have considered various kinds of additional evidence as proof of intent to distribute, including drug measuring and weighing paraphernalia, the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use.

(Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997). Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the standard of review is whether the evidence, when construed in the light most favorable to the verdict, authorized a rational trier of fact to have found the essential element of intent to distribute beyond a reasonable doubt. And "when a conviction hinges on circumstantial evidence, as it does here, that evidence must exclude every reasonable hypothesis except that of guilt." (Footnote omitted.) *Florence v. State*, 282 Ga. App. 31, 33 (1) (c) (637 SE2d 779) (2006). See OCGA § 24-4-6.

While the evidence presented by the state was sufficient to convict Hicks of possession of cocaine, it was insufficient to prove that he intended to distribute it. The state produced no evidence that Hicks had scales, cutting implements, weapons, a large amount of cash, a customer list, or drug packaging materials such as baggies in the vehicle or on his person. Compare *King v. State*, 238 Ga. App. 575, 576 (1) (519 SE2d 500) (1999); *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989). Nor did the state introduce any evidence of prior convictions for drug possession with intent to distribute or testimony that Hicks was observed selling or attempting to sell drugs. Compare *Tate v. State*, 230 Ga. App. 186, 187 (1) (b) (495 SE2d 658) (1998); *Sams v. State*, 197 Ga. App. 201, 202 (1) (397 SE2d 751) (1990). Additionally, the state did not present expert testimony that the amount of drugs seized was inconsistent with personal use. Compare *Tate*, 230 Ga. App. at 187 (1) (b); *Palmer v. State*, 210 Ga. App. 717, 718 (437 SE2d 490) (1993). Indeed, the state presented no evidence whatsoever as to the amount of crack cocaine seized.

Instead, the state relied solely upon the testimony of its investigator, who opined that drug dealers "frequently" keep their drugs in disposable containers like pill bottles, and that drug users "usually" buy one piece of crack cocaine, rather than more than one "individual sale-type pieces." The investigator's testimony, however, was an insufficient basis upon which to predicate Hicks's conviction.

YALE LAW LIBRARY

Storing drugs in a pill bottle for quick disposal, and possessing an unidentified number of sales-size pieces of the drug, without more, equally supports the hypothesis that the person found with the drugs was a user rather than a dealer. See, e.g., *Bethea v. State*, 220 Ga. App. 800, 801-802 (1) (470 SE2d 328) (1996) (possession of rocks of cocaine, without more, was insufficient to support inference that defendant intended to distribute the cocaine); *Anderson v. State*, 215 Ga. App. 426, 427-428 (1) (451 SE2d 103) (1994) (physical precedent only) (holding there was insufficient evidence to prove intent to distribute where the defendant dropped a plastic bag containing "loose white rocks" of cocaine and there was no other indicia of the defendant's intent, such as the drugs being "packaged in smaller baggies").

Under these circumstances, the evidence was not sufficient to permit a rational trier of fact to exclude the reasonable hypothesis that Hicks intended to use the cocaine himself. See *Florence*, 282 Ga. App. at 33-34 (1) (c); *Ryan*, 277 Ga. App. at 493-494 (3); *Clark v. State*, 245 Ga. App. 267 (537 SE2d 742) (2000); *Parris v. State*, 226 Ga. App. 854 (487 SE2d 690) (1997); *Anderson*, 215 Ga. App. at 427-428 (1). We therefore reverse Hicks's conviction for possession of cocaine with intent to distribute, and we remand with direction that conviction be entered on the lesser included offense of possession and that Hicks be sentenced accordingly. See *Florence*, 282 Ga. App. at 34 (1) (c); *Clark*, 245 Ga. App. at 269-270.

*Judgment reversed, and case remanded with direction. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 6, 2008.

*Ronald R. Parker*, for appellant.
*Joseph K. Mulholland, District Attorney, Ryan C. Cleveland, Assistant District Attorney*, for appellee.