A06A1236. ANDERSON v. THE STATE.
(635 SE2d 828)

PHIPPS, Judge.

Marcus Anderson moved the Superior Court of Whitfield County for permission to file an out-of-time appeal from a 1995 criminal sentence. The court denied his motion on the ground that it lacked jurisdiction to grant such permission because his sentence had expired. Anderson appeals, but we affirm.

In 1992, Anderson was found guilty of possessing cocaine with intent to distribute, fleeing to elude a police officer, and reckless driving. On appeal, we vacated his conviction of possession of cocaine with intent to distribute and remanded the case with direction that a conviction and sentence be entered for the offense of simple possession of cocaine.[1] In 1995, the trial court entered a conviction for simple possession and sentenced Anderson to ten years, to serve three in confinement and the balance on probation, with credit for time served since his original 1992 sentence date.[2]

Anderson filed a pro se notice of appeal from the resentencing, and the trial court appointed counsel to represent him. In 1996, this Court remanded the appeal to the trial court for preparation of the appellate record, after which the trial court ordered that Anderson could "re-initiate his appeal" by refiling his original notice of appeal. Appointed counsel did so on Anderson's behalf, and in 1998, the reinitiated appeal was docketed in this Court. We remanded the appeal once again, however, because Anderson's appointed counsel had died. The trial court appointed replacement counsel, who — in 2002 — filed a motion for an out-of-time appeal. The court denied the motion, finding that it lacked jurisdiction to order an out-of-time appeal because Anderson's sentence had expired, but that he could pursue relief through a habeas corpus action. Three years later, Anderson filed, pro se, another motion for an out-of-time appeal. The trial court denied that motion on the same grounds — lack of jurisdiction — and Anderson now appeals that denial.

---

[1] *Anderson v. State*, 215 Ga. App. 426, 428 (1) (451 SE2d 103) (1994) (physical precedent only).

[2] The court sentenced Anderson to 12 months each on the fleeing and reckless driving counts, to be served concurrently with each other and currently with the cocaine possession sentence.

Although Anderson's state sentence has expired, it appears from the record that he was incarcerated in federal prison in Atlanta when he filed his pro se motion for out-of-time appeal. According to Anderson's former attorney, his state cocaine possession conviction was used to enhance his federal sentence.

In *Parris v. State*,[3] our Supreme Court held that a petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge a conviction for which he has already served his sentence. The Court also held that such a petition is not moot, even though the sentence has been served, if the petitioner can show "collateral consequences" from the conviction, such as its use to enhance a federal sentence.[4] Moreover, in cases like Anderson's, we have "elevated substance over form" and interpreted challenges to expired convictions as habeas corpus petitions, even though they were not denominated as such.[5]

Even if we were to construe Anderson's motion for out-of-time appeal as a petition for habeas corpus, however, we must agree with the trial court that it lacked jurisdiction. If a habeas corpus petitioner is incarcerated in another state, then proper jurisdiction for his petition lies in the county in which he was sentenced.[6] If the petitioner is incarcerated in Georgia, however, proper jurisdiction for his habeas petition lies in the county in which he is detained.[7] Because the record shows that Anderson was incarcerated in Atlanta, Fulton County, when he moved for an out-of-time appeal, the Superior Court of Whitfield County lacked jurisdiction to entertain his motion.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 21, 2006 — ▇▇▇▇▇▇▇▇

Marcus Anderson, *pro se.*
Kermit N. McManus, *District Attorney*, for appellee.

---

[3] 232 Ga. 687 (208 SE2d 493) (1974).
[4] Id. at 689-690.
[5] *Moss v. State*, 255 Ga. App. 107, 108 (564 SE2d 516) (2002).
[6] *Craig v. State*, 234 Ga. 398, 399 (216 SE2d 296) (1975).
[7] Id.