## A06A1236. ANDERSON v. THE STATE.
### (645 SE2d 362)

PHIPPS, Judge.

Marcus Anderson sought to file an out-of-time appeal from his 1995 resentencing on various convictions, but the trial court denied the motion, finding that it lacked jurisdiction to permit such an appeal because Anderson's sentence had expired. On remand to us for reconsideration after the Supreme Court's grant of certiorari, we construe Anderson's motion as one for habeas corpus relief, reverse the trial court's denial of the motion, and remand the case to the trial court for further action.

Anderson was convicted in 1992 of possessing cocaine with intent to distribute, fleeing to elude a police officer, and reckless driving. On appeal, we vacated his conviction of possession with intent to distribute and remanded the case with direction that a conviction and sentence be entered for the lesser included offense of possession of cocaine.[1] On remand, the trial court entered a conviction for cocaine possession and resentenced Anderson.

In 2005, Anderson filed a pro se motion for permission to file an out-of-time appeal, arguing that his conviction was void, that he had received ineffective assistance of trial and appellate counsel, and that newly discovered evidence showed prosecutorial misconduct at trial. The trial court denied the motion, ruling that it lacked jurisdiction to order an out-of-time appeal because Anderson's sentence had expired. He appealed that order.

In our opinion affirming the trial court, we noted that Anderson apparently was incarcerated in federal prison on a federal sentence that had been enhanced due to his state cocaine possession conviction in this case.[2] Thus, because Anderson appeared to be suffering collateral consequences from his conviction in this case, we held that

---

[1] *Anderson v. State*, 215 Ga. App. 426 (451 SE2d 103) (1994).

[2] *Anderson v. State*, 281 Ga. App. 215 (635 SE2d 828) (2006).

he could challenge the conviction through a writ of habeas corpus.[3] We further held, however, that even if we construed Anderson's motion for out-of-time appeal as a petition for habeas corpus relief, he had filed it in the wrong court. Our Supreme Court granted certiorari and remanded the case to us for reconsideration in light of the language of OCGA § 9-14-43, which provides that a federal prisoner must file a habeas corpus petition in the superior court of the county in which the challenged sentence was imposed.

In light of the Supreme Court's order, we vacate our previous opinion.[4] The trial court erred in denying Anderson's motion on the ground that it lacked jurisdiction. We reverse the trial court's denial of the motion and remand this case with direction that the motion be construed as a petition for habeas corpus relief and considered on its merits.

*Judgment reversed and case remanded with direction. Smith, P. J., and Ruffin, J., concur.*

DECIDED APRIL 4, 2007.

Marcus M. Anderson, *pro se.*
Kermit N. McManus, *District Attorney*, for appellee.